LESTER M. CRAWFORD v. THE CITY OF TOPEKA et al.

1. CITIES — Billboards — Unreasonable Ordinance. Cities of the first class may regulate the erection and maintenance of structures used for advertising purposes and placed upon lots near the street line, so as to fully protect persons passing along the streets; but such regulations must be reasonable, and an ordinance providing that "no person shall erect any billboard or other structure for advertising purposes unless the same is placed at such distance from the line of any street or sidewalk as shall exceed at least five feet the height of such billboard or structure," and prescribing a punishment for a violation of this provision, is unreasonable and invalid.

2. BUILDINGS, Right to Erect. In general, an owner has the right to erect such buildings or other structures upon his property as he pleases, and may put the premises to any use as may suit his pleasure, providing he does not in doing so annoy, injure or threaten harm to others.

*Error from Shawnee District Court.*

ACTION by Crawford against the City of Topeka and the street commissioner thereof. Judgment for the defendants at the April term, 1890. The plaintiff brings the case to this court. The opinion states the facts.

*A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error:

The ordinance, as construed by the council and the street commissioner, is an invasion of the private rights of property

owners; it does not fall within any express grant from the legislature, and is therefore invalid.

It was held in a recent decision of the supreme court of Connecticut, in the case of *Pratt v. Borough of Litchfield*, 25 Atl. Rep. 461, that a city or borough could not pass an ordinance forbidding the erection of wooden structures or declaring a fire limit, unless such power was granted to said city by the legislature in express words. See, also, Suth. Stat. Con., §§ 367, 380; 1 Dill. Mun. Corp., §§ 91, 319, 321, 323, 324; *Minturn v. Larue*, 23 How. 435; *Anderson v. City of Wellington*, 40 Kas. 176; *Bartling v. West*, 29 Wis. 315, 316; *City of St. Paul v. Traeger*, 25 Minn. 252; *Kirkham v. Russell*, 2 Am. & Eng. Corp. Cas. 171; *Logan City v. Buck*, 4 id. 302; *Commonwealth v. Turner*, 1 Cush. 493; *City of Clinton v. Phillips*, 58 Ill. 102; *Hayden v. Noyes*, 5 Conn. 391; *Milliken v. The City*, 54 Tex. 388.

In the case of *Langan v. City of Atchison*, 35 Kas. 323, which will be relied upon by the other side, it was held, that where the authorities of the city knew that a billboard was negligently and imperfectly constructed, insecure, and liable to be blown down, and was adjoining the sidewalk of a much-traveled street of a city, and was therefore in a dangerous and insecure condition, the city would be liable for injury to a passer-by. The city, however, in that case would not have been liable if the officials of the city had not known of the insecure and dangerous condition of the billboard. See, also, Wood, Nuis., 2d ed., § 744; *Cole v. Kegler*, 5 Am. & Eng. Corp. Cas. 361; *The State v. Mayor and Common Council*, 4 id. 521; *The State v. Mott*, 61 Md. 298, 305; *North Chicago City Rly. Co. v. Town of Lakeview*, 2 Am. & Eng. Corp. Cas. 6, and note thereto; *City of Denver v. Mullen*, 4 id. 304, and note, p. 320.

The ordinance is unreasonable: A further requisite is, that every ordinance of a city must be reasonable, both as to its application and effect; otherwise, it will be held to be invalid. For instance, in the case of the *Teutonia Ins. Co. v. O'Connor*, 27 La. Ann. 37, it was held that an order prohibiting the use

of Babcock fire extinguishers at a fire was unreasonable. See, also, *Atkinson v. Goodrich Transp. Co.*, 60 Wis. 141; 1 Dill. Mun. Corp., § 319; *Anderson v. City of Wellington*, 40 Kas. 177.

The ordinance is unconstitutional: But we might further add, that an ordinance or even a statute which forbids a man from placing upon any portion of his premises a structure or building, safe and secure in itself and not dangerous to others, is a deprivation of the use of a part of his property, and is in a sense a taking of the same, and therefore unconstitutional.

See *City of Janesville v. Carpenter*, 77 Wis. 288, 301; *In re Jacobs*, 98 N. Y. 98; *City of Denver v. Mullen*, supra; *City of Baltimore v. Scharf*, 10 Am. & Eng. Corp. Cas. 242, 259.

*D. C. Tillotson*, city attorney, for defendants in error:

This court has held that cities of the first class have a right to control billboards so close to and adjoining the sidewalk as to be dangerously contiguous thereto, or actually supported by braces or uprights resting upon the edge of the walk; that city officials have authority, within reasonable limits, to enter upon or control the uses of property adjoining the street or highway; and that a city has not discharged its duty by simply making the surface of the ground over which the traveler passes sufficiently smooth, level and guarded by railings to enable him to travel with safety and convenience, by the exercise of ordinary care on his part. *Langan v. City of Atchison*, 35 Kas. 321, *et seq.* To deny authority to the city of Topeka to enforce the ordinance in question, denies the city the power to adopt all such measures as it may deem necessary for the protection of strangers and the traveling public in person and property; it limits its power to prevent and remove nuisances; it denies the city the power to regulate or prohibit structures projecting upon or over or adjoining the street or walk; and denies it the power to make all needful police regulations necessary for the preservation of the city, for the good order of the city, and for the peace of the city.

I take it that the power to preserve the city includes the power to protect itself from being mulcted in damages because of the acts of others. To protect a city is to protect its resources, and any reasonable ordinance should be sustained that limits its liability or restricts the necessity of the city's caring for and inspecting the property of others.

If the power exists in the city to pass and enforce the ordinance before the court, the only other question that can possibly be involved in this case is, whether the ordinance is reasonable. Upon this question the court below found from the evidence that the ordinance was reasonable and valid, and that the city of Topeka had the power to pass the same. Upon this finding and the evidence in the record, defendant in error rests its case. As to presumption of reasonableness, see 44 Mo. 550, 551; 70 Ala. 365.

*A. A. Hurd*, and *Robert Dunlap*, for plaintiff in error, in reply:

It will be observed that the notice served on Crawford did not charge that the structures were insecure or unsafe in any respect. In fact, Baker, the street commissioner, did not consider them insecure or unsafe. The only controversy between him and Crawford was, that the structures were not placed back upon the lots the same as billboards, in accordance with the ordinance, and therefore the question did not arise in this case as to the security or insecurity of the structures.

But what does the act of the city, in serving notice upon Crawford to remove these structures, lead to? It attempts arbitrarily to destroy his rights without a hearing. If the structures are illegal under the ordinance, Crawford might be prosecuted; but in such prosecution he would be entitled to a trial in court before a jury. The resolution of the city council and the notice of the street commissioner arbitrarily deprived him of this right, and would destroy his property without a hearing.

But we assert that Crawford has not been even guilty of

violating the ordinance of the city. This ordinance is penal in its nature, and, in addition to that, it interferes with private rights of property, so far as it might prevent one from inclosing his land with a fence; and therefore the ordinance, under all rules of construction, is to be strictly construed. Within the rule applied by this court in the case of *Swift v. City of Topeka*, 43 Kas. 671, it will be held that these structures are not in violation of the ordinance.

The opinion of the court was delivered by

JOHNSTON, J.: L. M. Crawford brought this action to enjoin the city of Topeka and its street commissioner from tearing down and removing billboards, fences and other structures upon which advertisements were posted. It appears that Crawford, under agreements with the owers of lots in different parts of the city, had erected upon the line of the lots structures similar to closely built fences, which were from 8 to 10 feet in height, upon which to post bills and advertisements of shows and entertainments which were to occur at his opera house in the city. In some cases structures like fences which were already upon the lots were used by him for this purpose, and in other cases the agreements with the owners provided that the structures should inclose the lots as a fence. Many of them had been in use for several years, and in March, 1890, the street commissioner notified Crawford that they must be taken down and removed within five days, so as to conform with a certain ordinance, or the commissioner would remove them. From the testimony, it appears that most of them were substantial and safe structures, and the objection by the city authorities was not that they were insecure, but rather that they did not comply with the provisions of an ordinance previously passed. It provides that

"No person shall erect any billboard or other structure for advertising purposes, unless the same is placed at such distance from the line of any street or sidewalk as shall exceed at least five feet the height of such billboard or structure; nor shall any person attach any sign or bulletin to any lamp-post

in this city; and any person found guilty of violating any provision of this section shall, on conviction, be fined in a sum not less than $3 nor more than $20 for each offense, and each day's continuance after conviction shall be deemed a separate and distinct offense."

The reasonableness of this regulation and the validity of the ordinance were the principal subjects of contention in the court below, and the ones presented for decision here.   At the end of the trial, the temporary injunction originally granted was dissolved, and the relief asked by the plaintiff was denied.

We think the ordinance is not reasonable nor valid; hence the ruling of the court cannot be sustained.   As has been seen, it proscribes the erection or use of any structure near the lot line for advertising purposes, no matter how substantial and secure it may be. Municipalities may be and are vested with large powers in protecting the health and safety of the people, and in promoting the welfare of the public.   They have been given authority to prevent and remove nuisances, to protect the walks and ways, and, where they are dangerous, may compel the owners of adjacent property to erect and maintain railings, safeguards and barriers along the same.   They may enter and inspect all dwelling houses, yards, inclosures, and buildings, to ascertain whether any of them are in a dangerous state, and may take down and remove such structures as have become insecure or dangerous; and, further, may require the owners of insecure and dangerous buildings and other erections to render the same secure and safe, at the owner's cost.   They may regulate the use of the streets and public grounds, and may regulate or prohibit awnings and awning posts, and all other structures projecting upon or over the street or sidewalk.   Fire limits may be established, within which the erection of wooden buildings or structures which would readily communicate fire may be prohibited. (Gen. Stat. of 1889, ¶ 555.)   In none of these provisions do we find anything which warrants the city to prohibit the

1. Cities— billboards— unreasonable ordinance.

erection of safe and substantial structures on any portion of a lot, if, indeed, any such power can be given. In general, it may be said that the owner of real estate has the right to erect such buildings or other structures upon it 2.[Buildings, right to erect.] as he may please, and put the premises to any use which may suit his pleasure, providing that he does not in doing so imperil or threaten harm to others. (Tied. Lim. 439.) All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the safety, health or comfort of the public; but a limitation without reason or necessity cannot be enforced. In what way can the erection of a safe structure for advertising purposes, near the front of a lot, endanger public safety any more than a like structure for some other lawful purpose? Why does the posting or painting of an advertisement upon a secure wall or structure render it insecure? An owner may desire to use a structure or billboard for an inclosure of his lot, as well as for posting advertisements. In one instance that was the desire and purpose of the owner in this case. If the wall or inclosure was 10 feet high, then under the ordinance the owner would be required to set it back 15 feet from the front of the lot. What reason is there for the surrender or loss of the use of that portion of the lot? or why should the pasting of a piece of paper upon a secure inclosure make such a loss necessary? Although the police power is a broad one, it is not without limitations, and a secure structure which is not an infringement upon the public safety, and is not a nuisance, cannot be made one by legislative fiat, and then prohibited. (*Yates v. Milwaukee*, 10 Wall. 497; 1 Dill. Mun. Corp. 374.) It is doubtless within the power of the city to prohibit the erection of insecure billboards or other structures, require the owners to maintain them in a secure condition, and to provide for their removal at the expense of the owners in case they become dangerous. Perhaps regulations may be made with reference to the manner of construction so as to insure safety, but the prohibition of the erection of structures

upon the lot line, however safe they might be, would be an unwarranted invasion of private right, and is without legislative authority. In *Langan v. City of Atchison,* 35 Kas. 318, an insecure billboard which had been fastened to the sidewalk fell upon one who was passing, and injured him. It appeared to have been in a weak and insecure condition for some time, and that the officers of the city knew that it was not erected in a safe and proper manner, and before its fall that it was in a condition to endanger persons passing upon the sidewalk. It was held that the city was liable in damages for the injury, upon the theory that it was its duty to keep the streets and walks in a safe condition for persons passing over and along them. It was further held, that it was the duty of the corporate authorities to remove or abate any nuisance, and that, under the power given to the city to prevent and remove nuisances, and to regulate all structures projecting upon or over the streets or walks, it was bound to remove or protect the sidewalk from the imperfectly-constructed and insecure billboard standing so near the sidewalk as to fall upon it. This authority sanctions the regulation of such structures so far as to make them secure; but nothing is said which would justify the prohibition of the erection of structures that are absolutely safe. None of the structures proposed to be removed extended beyond the lot, and hence are not to be regarded as if they projected over the street. The regulations as to the erection and maintenance of such structures may be made sufficiently rigid to fully protect the public; but they must be reasonable, and when they pass beyond the bounds of reason and necessity, and impair private property rights, they must be pronounced invalid. The unreasonableness of the ordinance in question is easily seen when it is considered that the mere posting of a harmless paper upon a structure changes it from a lawful to an unlawful one. A person may erect a fence around his lot without violating the ordinance; but just as soon as an advertisement is posted or painted

thereon it is brought within the condemnation of the ordinance, and the owner is liable to prosecution and punishment. Treating the ordinance as unreasonable and invalid, as we must, the ruling of the court below in denying the injunction was erroneous, and hence there must be a reversal.

All the Justices concurring.