THE CITY OF ROCHESTER, Respondent, *v.* ROBERT WEST, Appellant.

1. MUNICIPAL CORPORATION — POWER TO REGULATE ERECTION OF BILLBOARDS. The power conferred upon the city of Rochester by its charter "to license and regulate billposters * * * and to prescribe the terms and conditions upon which any such license shall be granted * * * " (L. 1880, ch. 14, § 40, subd. 21, as amd., L. 1894, ch. 28, § 9), authorizes an ordinance prohibiting the erection of billboards exceeding six feet in height, except with the permission of the common council, after notice in writing of the application for the permit, to the owners, occupants or agents of all houses and lots within a distance of 200 feet from where such billboard is to be erected.

2. CONSTITUTIONALITY OF CHARTER. The statute conferring such power on the city was within the power of the legislature, and is not in conflict with any provision of the State or Federal Constitution.

3. REASONABLENESS OF ORDINANCE. Such ordinance is not unreasonable or an undue restraint of a lawful trade or business, nor a restraint upon the lawful and beneficent use of private property.

4. VALIDITY OF STATUTE OR ORDINANCE — GENERAL RULE. The validity of a statute or ordinance is not to be determined from its effect in a particular case, but upon its general purpose and its efficiency to effect that end. When a statute is obviously intended to provide for the safety of a community, and an ordinance under it is reasonable and in compliance with its purpose, both the statute and the ordinance are lawful and must be sustained.

*City of Rochester* v. *West*, 29 App. Div. 125, affirmed.

(Argued October 11, 1900; decided November 20, 1900.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial depart-

ment, entered May 17, 1898, affirming a judgment of the Monroe County Court, which affirmed a judgment of the Police Court of the city of Rochester convicting the defendant of a misdemeanor.

The defendant is the local manager of a corporation known as the Rochester Bill Posting Company and was arrested April 30, 1897, charged with the violation of sections eight and nine of an ordinance of the city of Rochester, entitled " An ordinance relating to billposting and billboards," adopted by the common council of the city December 22, 1896.

Those sections are as follows: " Sec. 8. No person shall hereafter erect any billboard more than six feet in height within the city of Rochester without permission of the common council. Every applicant for permission to erect a billboard more than six feet in height within said city is required to give one week's notice in writing, personally or by mail, of such application to the owners, occupants or agents of all houses and lots within a distance of two hundred feet from where such billboard is to be erected. No such application shall be considered by the common council without verified proof of the service of the notice herein described, or the written consent of such owners, occupants or agents to the erection of said billboard.

" Sec. 9. No fence or other structure within said city shall be used as a billboard without the consent of the common council. The same notice and proof required by section eight of this ordinance shall be necessary to obtain the consent of the common council to use such fence or structure as a billboard."

Section ten provides for a fine in case of a violation of any of the provisions of the ordinance.

It is admitted that the defendant on April 26, 1897, erected a billboard more than six feet in height on premises fronting on Lake avenue, between White and Spencer streets, and back of the street line without taking any of the steps provided for by the foregoing ordinance. It was also conceded that " Such billboard was erected upon lands leased by the

said Rochester Bill Posting Company, and that such billboard was well constructed of new material," and "that out of six thousand posters put up each week for forty weeks of the year, not more than four hundred would go upon a billboard six feet high."

The case was submitted to the police justice upon these facts, no other testimony being taken, and on June fourth judgment was entered against the defendant for the sum of five dollars.

On appeal the County Court affirmed the judgment. The Appellate Division affirmed the judgment of the County Court and allowed an appeal to this court, certifying the following questions:

" *First.* Whether or not the common council of the city of Rochester has authority, under subdivision 21 of section 40 of its charter, to pass the ordinance under consideration in this case.

" *Second.* Whether or not the ordinance in question is not an unreasonable and an undue restraint upon a lawful trade and business, and also a restraint upon the lawful and beneficial use of private property."

*John R. Fanning* for appellant. The legislature has not granted to the plaintiff's common council the right or authority to pass an ordinance regulating billboards. (L. 1894, ch. 28, § 40.) It is a settled rule that penal statutes are to be construed strictly and not extended by implication. (*Bell* v. *Doyle*, 11 Johns. 173 ; *Meyers* v. *Foster*, 6 Cow. 567 ; *B. & U. P. R. Co.* v. *Robins*, 22 Barb. 662 ; *People* v. *Rosenberg*, 138 N. Y. 410 ; *Ramsey* v. *Gould*, 57 Barb. 398 ; *Port Wardens* v. *Cartwright*, 4 Sandf. 236 ; *Hardy* v. *City of Brooklyn*, 7 Abb. [N. C.] 403 ; *People ex rel.* v. *Bd. of Education*, 143 N. Y. 62 ; *Hickok* v. *Trustees of Plattsburgh*, 15 Barb. 435 ; *Halstead* v. *Mayor, etc.*, 3 N. Y. 420.) The ordinance, if otherwise valid, is an unlawful interference with a useful trade and occupation, and an unlawful interference with the use of private property. (*Crawford* v. *Topeka*,

51 Kan. 756; 23 Am. & Eng. Ency. of Law, 385, 386, 387.)

*P. M. French* for respondent. The charter of Rochester gives its council the right to enact an ordinance on the subject of billposters and billboards. (Dillon on Mun. Corp. [4th ed.] § 89; *Cronin* v. *People,* 82 N. Y. 318; *City of Buffalo* v. *N. Y., L. E. & W. R. R. Co.,* 152 N. Y. 276.) The ordinance is valid because it is a proper exercise of the police power and is reasonable. (Dillon on Mun. Corp. § 141; *Colon* v. *Lusk,* 153 N. Y. 188; *Cronin* v. *People,* 82 N. Y. 318; *People ex rel.* v. *Grant,* 126 N. Y. 473; *People ex rel.* v. *Wurster,* 14 App. Div. 556.)

Martin, J.     Whether this appeal should be sustained depends wholly upon the validity or invalidity of an ordinance of the plaintiff which forbids the erection, within its limits, of billboards more than six feet in height without the consent of the common council. By its charter the plaintiff was authorized "to license and regulate billposters and bill distributors and sign advertising, and to prescribe the terms and conditions upon which any such license shall be granted, and to prohibit all unlicensed persons from acting in such capacity." (Ch. 14, Laws 1880, § 40, subdiv. 21; as amended, Laws 1894, ch. 28, § 9.) We think this statute conferred upon the common council of the city authority to regulate boards erected for the purpose of bill posting, so far, at least, as such regulation was necessary to the safety or welfare of the inhabitants of the city, or persons passing along its streets. That is precisely what the ordinance in question was intended to accomplish. To regulate is to govern by, or subject to, certain rules or restrictions. It implies a power of restriction and restraint, not only as to the manner of conducting a specified business, but also as to the erection in or upon which the business is to be conducted. (*Cronin* v. *People,* 82 N. Y. 318, 321.)

Nor do we think that the appellant's claim that this statute

was unauthorized can be sustained.   It is obvious that its purpose was to allow the common council to provide for the welfare and safety of the community in the municipality to which it applied.   If the defendant's authority to erect billboards was wholly unlimited as to height and dimensions, they might readily become a constant and continuing danger to the lives and persons of those who should pass along the street in proximity to them.   That the legislature had power to pass a statute authorizing the city to adopt an ordinance which, if enforced, would obviate that danger, we have no doubt.  Nor was it in conflict with any provision of the State or Federal Constitution.   The fact that no injury has occurred by reason of the erection of the billboard in question, or that it is improbable that any such injury will occur therefrom, is not controlling upon the question under consideration.   The validity of a statute is not to be determined by what has been done in any particular instance, but by what may be done under it.   (*Stuart* v. *Palmer*, 74 N. Y. 183; *Gilman* v. *Tucker*, 128 N. Y. 190, 200.)   It is equally true that the validity of a statute or ordinance is not to be determined from its effect in a particular case, but upon its general purpose and its efficiency to effect that end.   When a statute is obviously intended to provide for the safety of a community, and an ordinance under it is reasonable and in compliance with its purpose, both the statute and the ordinance are lawful, and must be sustained.   (*Village of Carthage* v. *Frederick*, 122 N. Y. 268; *People ex rel. O. H. C. Assn.* v. *Pratt*, 129 N. Y. 68; *Mayor, etc.,* v. *D. D., E. B. & B. R. R. Co.*, 133 N. Y. 104; *City of Rochester* v. *Simpson*, 134 N. Y. 414; *People* v. *Havnor*, 149 N. Y. 195, 204.)

We are of the opinion that this ordinance is reasonable; that the legislature authorized its adoption; that the statute in pursuance of which it was passed was valid, and, consequently, that the defendant's appeal cannot be sustained.

It follows that the judgment appealed from should be affirmed.   The questions certified to this court are answered as follows:

1. The common council of the city of Rochester had authority, under its charter, to pass the ordinance under consideration.

2. The ordinance in question is not unreasonable or an undue restraint of a lawful trade or business, nor a restraint upon the lawful and beneficial use of private property.

O'BRIEN, BARTLETT, HAIGHT, VANN and LANDON, JJ., concur; PARKER, Ch. J., not sitting.

Judgment affirmed, with costs.