(75 App. Div. 31.)

### GUNNING SYSTEM v. CITY OF BUFFALO et al.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. BILLBOARDS—CITIES—CHARTER—ORDINANCES.

   Under a charter authorizing a city to enact such ordinances as should be deemed expedient for the good government of the city and the promotion of peace and good order, a city has power to enact an ordinance prohibiting the erection of billboards of more than a specified size.

Appeal from special term, Erie county.

Action by the Gunning System against the city of Buffalo and another. From a judgment for defendant city, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Tracey C. Becker and A. H. Gilbert, for appellant.

William S. Jackson and James L. Quackenbush, for respondent.

WILLIAMS, J. The judgment appealed from should be affirmed, with costs.

The action was brought to restrain the city of Buffalo and its board of fire commissioners from tearing down and interfering with certain bill or advertising sign boards erected and about to be erected by the plaintiff in the city of Buffalo. The case has been in this court before on appeal from an order denying an injunction pending the action.

We then held the injunction should be granted, and the defendants restrained, until the action was tried. 62 App. Div. 497, 71 N. Y. Supp. 155. The trial has now been had, resulting in a judgment dismissing the complaint and dissolving the injunction, and it is from that judgment this appeal is taken.

Upon the former appeal we did not examine or pass upon the questions whether the common council of the city of Buffalo had power to adopt the ordinance involved, or whether the structures complained of were included within the prohibition of the ordinance. We left those matters to be determined in the trial court, when the case should come on to be considered there. We considered only the question whether, upon the record then before the court, a case was made which justified the fire commissioners in destroying the structures as common nuisances, under the provisions of the ordinance (page 499). We concluded that during the pendency of the action the defendant should be restrained from destroying the structures. Upon the trial a large volume of evidence was taken, and the court decided that the structures were common nuisances, that the city had power to pass the ordinance, that it was a reasonable police regulation in the interest of the general welfare and good government of the city and its inhabitants, and its enforcement was required to abate and prevent such nuisances. We do not deem it necessary to enter into an extended review of the evidence or consideration of the law, in view of the decision of this court and the court of appeals in the case of City of Rochester v. West, 29 App. Div. 125, 51 N. Y. Supp. 482, affirmed 164 N. Y. 510, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659. It was there held that the legislature had power to authorize the city to pass a similar ordinance, that the charter authorized the adoption of the ordinance, and it should be enforced. In that case the charter expressly authorized the passage of such an ordinance. We think like authority, though not in express terms, was given to the city of Buffalo by its charter. In the Rochester-West Case the court said that the obvious purpose of the legislature was to allow the city of Rochester to provide for the welfare and safety of the community in the municipality, and that the ordinance there in question was within such purpose. In this case the charter of Buffalo expressly authorized it to enact such ordinances as should be deemed expedient for the good government of the city and the promotion of peace and good order. These expressions are quite similar to the welfare and safety of the community. The court very properly held that authority was given the city to adopt the ordinance in question by the provision of the charter. These structures in question were covered by the language of the ordinance, fairly construed. The finding that for the reasons stated the structures were common nuisances was supported by the evidence. We regard the Rochester-West Case as decisive of the questions involved in this case, and as requiring an affirmance of this judgment.

Judgment affirmed, with costs. All concur; SPRING, J., in result.