WHITMIER & FILBRICK CO. v. CITY OF BUFFALO et al.

(Circuit Court, W. D. New York. November 5, 1902.)

No. 176.

1. MUNICIPAL CORPORATION — ORDINANCES — POLICE POWER — BILLBOARDS — REGULATION.

Under Buffalo city charter authorizing the common council to enact ordinances to prevent and abate nuisances and for the good government of the city, etc., the city had power to pass an ordinance prohibiting the erection of billboards exceeding seven feet in height within the city, without the council's permission, and authorizing the abatement of any board erected in violation of the ordinance as a nuisance.

2. SAME—FEDERAL COURTS—DECISIONS OF STATE COURT—EFFECT.

A judgment of a state court of last resort sustaining the validity of a city ordinance prohibiting the erection of billboards is binding on the federal courts sitting in such state in an action to enjoin the enforcement of the ordinance.

3. SAME—PROSPECTIVE OPERATION.

Buffalo City Ordinances, § 48, prohibiting the erection of billboards more than seven feet in height without permission from the city council, and requiring the abatement of any billboard erected in violation of the ordinance as a nuisance, is prospective in its operation only, and does not authorize the destruction of boards erected before its enactment.

In Equity.

Spaulding & Sullivan (Tracy C. Becker and A. S. Gilbert, of counsel), for complainant.

Charles L. Feldman, for defendants.

HAZEL, District Judge. The question here presented for the decision of the court depends upon the validity and constitutionality of

¶ 2. State laws as rules of decision in federal courts, see notes to Griffin v. Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

See Courts, vol. 13, Cent. Dig. §§ 956, 957.

section 48 of chapter 4 of the ordinances of the city of Buffalo. If the section be void, its enforcement impairs the property rights of the complainant, which this court, sitting in equity, has the power to protect. The jurisdiction of the court is invoked through diversity of citizenship of the parties. The restrictive section of the ordinance relied on by the defendants reads as follows:

"Sec. 48. No person shall hereafter erect any fence or billboard more than seven feet in height within the city of Buffalo without the permission of the common council; and any fence or billboard erected contrary to the provisions hereof shall be abated as a common nuisance by any officer of the fire department after two days' notice to remove the same. Any person, firm or corporation violating this section shall upon conviction, be punished by a fine of not less than $25, nor more than $50."

It is claimed by the defendants that the enactment of the ordinance by the common council of the city of Buffalo is justified by the city charter (Laws 1891, c. 105, § 17), by which it is provided:

"Sec. 17. The common council shall, from time to time, enact ordinances: * * * (8) To prevent and abate nuisances, * * * to locate, regulate and remove slaughter-houses, butcher stalls, fish stands, livery stables, tanneries and unwholesome or noisome buildings or places, and to compel the cleaning of the same whenever necessary. * * * (11) And such other and further ordinances not inconsistent with the laws of the state, as shall be deemed expedient for the good government of the city, the protection of its property, the preservation of peace and good order, the suppression of vice, the benefit of trade and commerce, the prevention and extinguishment of fires, the exercise of its corporate powers and the performance of its corporate duties."

Notice to remove the billboards required by the ordinance was duly served upon complainant corporation, and upon its failure to comply the fire commissioners proceeded to remove them. It is conceded that the billboards erected by the complainant are more than seven feet in height, and that they were erected without the permission of the common council of the city of Buffalo, nor is it disputed that the city of Buffalo had the power to enact a restrictive ordinance. The counsel for complainant contends that the provisions of the ordinance by which a summary removal or destruction of the billboards is affected is void and unconstitutional. This question was recently twice considered by the appellate division of the supreme court, Fourth department, in the case of Gunning System v. City of Buffalo, 62 App. Div. 498, 71 N. Y. Supp. 155; Id., 75 App. Div. 31, 77 N. Y. Supp. 987. In the Gunning Case, an action similar to this brought against the city in the state court by a corporation maintaining similar structures, an injunction pendente lite was denied by the trial court. The appellate court declined to pass upon the validity of the ordinance or the existence of the nuisance upon the application for an injunction in limine, and such an injunction was issued. The case was then tried out upon the merits, and the validity of the ordinance judicially determined. The court then held that the structures were illegal on two grounds: First, that the ordinance designating them as nuisances was legal and valid; and, secondly, that, irrespective of this ordinance, the board structures brought to the court's attention were common-law nuisances per se. It was further decided that the legislature had the power to delegate to the municipality the right to de-

clare the structures condemned illegal, and to abate the same, and therefore the ordinance under consideration was legal and valid. The decision in the case of City of Rochester v. West, 164 N. Y. 510, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659, is cited as an authority for holding the ordinance constitutional. On appeal from the decision of the trial court, the decision of the lower court was affirmed on the ground that the action of the common council in enacting the ordinance in question was for the general welfare and good government of the city and its inhabitants. The appellate court in the Gunning System decision (75 App. Div. 32, 77 N. Y. Supp. 987) did not deem it necessary to review the evidence, in view of the decision of the court of appeals in the case of City of Rochester v. West, supra, and sustained the ruling of the trial court that the ordinance was authorized by the charter of the city of Buffalo. In the West Case a like ordinance of the city of Rochester was reviewed. No provision for destruction of the billboards, however, was included in the Rochester enactment. The court of appeals passed upon two questions certified to it by the lower court. The second question was thus decided:

"The ordinance in question is not unreasonable or an undue restraint of a lawful trade or business, nor a restraint upon the lawful and beneficial use of private property."

In that case, as here, the fences or billboards were erected on private property. Judge Martin, who wrote the opinion for the court, in speaking of the validity of the statute authorizing the enactment of the ordinance, said:

"It is obvious that its purpose was to allow the common council to provide for the welfare and safety of the community in the municipality to which it applied. If the defendant's authority to erect billboards was wholly unlimited as to height and dimensions, they might readily become a constant and continuing danger to the lives and persons of those who should pass along the street in proximity to them. That the legislature had power to pass a statute authorizing the city to adopt an ordinance which, if enforced, would obviate the danger, we have no doubt. Nor was it in conflict with any provision of the state or federal constitution."

Municipalities are frequently invested by law with the right to summarily abate nuisances. The welfare and good government of populous cities demands that their officials shall possess summary jurisdiction in certain cases. The imposition of a penalty would but punish the offender, but it would not remove the source of danger. Hart v. City of Albany, 9 Wend. 592, 24 Am. Dec. 165; King v. Davenport, 98 Ill. 305, 38 Am. Rep. 89.

In view of the doctrine announced in the cases cited, the billboards have the character of nuisances, and were constructed, as said in the case of King v. Davenport, supra, "In the face of the general ordinance of the city, long before passed, prohibiting any such structure, and declaring it to be a nuisance, and subject to be abated as such. It was a reasonable regulation for the future, and plaintiff's defiant disobedience of it leaves her no reason for complaint of the general consequences." The ordinance having been held valid by the highest courts of the state of New York, it must be held here that the ordinance, under the circumstances, in its most progressive scope, comes

within the purview of the police power of the city. The enactment prohibiting the erection of fences and billboards more than seven feet in height is not unreasonable, and the right of abatement as therein provided does not go beyond the extent of the police power as delegated by the supreme legislative authority of the state of New York to the city. In re Wilshire (C. C.) 103 Fed. 620; Griffin v. City of Gloversville, 67 App. Div. 403, 73 N. Y. Supp. 684. The abatement and removal is not taking private property for a public use, but must be construed as a salutary restraint on a noxious use by the owner, and within the police power of a city of municipality whose charter brings such ordinance within its legislative authority. Dill. Mun. Corp. 212. Such is the holding of the state courts. The interpretation and construction of the highest courts of the state placed upon the constitutionality of ordinances enacted pursuant to authority from the legislature of the state will be considered as final where no right secured by federal enactment is invaded. The principle of following the construction given by the state courts to the enactments of its legislature, unless they come in conflict with the constitution, laws, and treaties of the United States, is based upon the theory that such decisions become a part of the state law. Cooley, Const. Lim. p. 20, notes. The complainant asserts, and it is not controverted, that many of the billboards now sought by the defendants to be removed were located on private property prior to the enactment of the ordinance. The existing law declaring billboards more than seven feet in height as a common nuisance does not apply to such billboards or signs. The affidavits presented by the defendants do not disclose such a state of facts as will justify setting aside the injunction as to billboards that were erected prior to the ordinance. In general terms the affidavit of Mr. Malone points out the necessity for abating such boards as a nuisance, principally on account of their menace to adjoining houses in case of fire, but none of the specific acts which might occur have ever happened. Such structures are not per se illegal by reason of this ordinance, which has been declared valid. The ordinance cannot be retroactive. Such structures may only be abated on the theory of common-law nuisances, the existence of which can only be determined on final hearing. It is further contended by complainant that the injunction should be continued during the pendency of the suit, so as to enable it to give proof on the trial of the number of billboards and their location which were erected before the ordinance restricting the height of billboards or signs was adopted. If any such structures are destroyed by the fire commissioners knowing or having reason to know that they were erected before the ordinance of 1896 was passed by the common council, this court doubtless would be empowered to dispose of the disobedience in the usual manner. Complainant could also avail itself of its remedy at law.

The injunction heretofore granted on the order to show cause why it should not be continued pendente lite is now modified to conform to this opinion. As to the billboards erected before the restrictive ordinance under consideration, the injunction is continued; as to those subsequently erected, it is vacated. So ordered.