,(60 Misc. Rep. 536.)

PEOPLE ex rel. WINEBURGH ADVERTISING CO. v. MURPHY.

(Supreme Court, Special Term, New York County.   October, 1908.)

MUNICIPAL CORPORATIONS (§ 625*)—ORDINANCES—SKY SIGNS.

   A municipal regulation restricting the height of sky signs for advertis-
ing purposes to nine feet is not unreasonable as a police regulation.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1378, 1379; Dec. Dig. § 625.*]

Order reversed 113 N. Y. Supp. 855.

Louis Marshall, for relator.

John P. O'Brien and Samuel J. Parmenter, for respondent.

BISCHOFF, J. ' The structure sought to be erected by the relator,
a sky sign for advertising purposes exceeding nine feet in height, is
within the prohibition of section 144 of the Building Code; and the
question presented is whether the restriction of the height of such signs
to nine feet, as an arbitrary measurement, is beyond the scope of the
powers conferred upon the municipal assembly by the state under
which this Building Code was adopted.   Charter 1897 (Laws 1897, pp.
17, 224, c. 378) §§ 47, 647;  Charter 1901 (Laws 1901, p. 179, c.
466) § 407.

While the regulation of the height of sky signs was not expressly
included among the statutory powers of the municipal assembly, gen-
eral authority to make regulations for the public safety in the erection
and maintenance of structures is found in the wording of the charter;
and the validity of section 144 of the Building Code is to be tested by
the inquiry whether the regulation of the height of these signs is a
reasonable restriction within the limits of the police power.   Certainly
the matter of the height of signboards erected upon the roofs of build-
ings has relation to the public safety.   The greater the height of these
structures, the greater is the probability of their becoming dangerous
through being caused to fall to the street by the force of the wind;
and, while it may be that a sign of any height could be made secure
as a matter of theoretical engineering, this does not meet the question,
for the supervision of the details of insuring safety in each instance
would readily become a matter too burdensome for the municipality
to be required to undertake.   The inherent danger being limited to the
height of the structure, the restriction of the height to limits ordinarily
consistent with safety appears to be a reasonable expedient for the
welfare of the public; and, unless the restricted measurement adopted
is clearly unreasonable, the court is not to interfere with the judg-
ment of the lawmaking body as expressed in the statute or ordinance.

The public safety being within the concern of the police power, and
the height of·the signs being related to a potential danger to the pub-
lic, a case for regulation is apparent.   Being empowered to regulate,
the framers of this ordinance could properly investigate and determine
the extent of the danger and the restrictions which safety required.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Presumably the matter was investigated before the restriction in ques- tion was adopted; and, while the measurement of 9 feet may be styled arbitrary, in the sense that it admits of no deviation, it would be quite as arbitrary for the court to say that the measurement should be increased by 2, 10, or 20 feet, as the interests of a property owner might be served in a particular case. Again, signboards of this character, if not restricted in size, could well be a public menace in hampering the use of fire apparatus upon the roofs of houses, a danger which the ordinance contemplates, according to the context; and the court is not to say that the vertical limit of 9 feet is unreasonable, in view of the vital necessity for the momentary use of roof space by the fire department under circumstances which would render the general incumbering of roofs with screens—not surmountable and difficult to demolish—a source of danger to the community in obstructing the necessary efforts against the spread of conflagrations. That the definite regulation of the height of sky signs is a matter within the police power has been recently held (City of Rochester v. West, 164 N. Y. 510, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659; Gunning System v. Buffalo, 75 App. Div. 31, 77 N. Y. Supp. 987); and, as I have noted, the actual limit fixed by this ordinance cannot properly be declared unreasonable by the court.

It is unnecessary to discuss the many authorities referred to by counsel upon the subject of the limitations of the police power, or the conflict between the exercise of that power and the right of the individual in the enjoyment of his property. Undoubtedly the restriction which interferes with the liberty of the individual in the use to which his premises may be put must have real relation to the public welfare, and must not be apparently unreasonable in its operation; and, where the police power has been unsuccessfully invoked to sustain an enactment, the case is found to be one not answering to this test. Here the regulation was reasonable in its practical application, and the matter regulated was within the scope of the police power. I must therefore hold that section 144 of the Building Code is not open to attack as unconstitutional, and that the relator's admitted noncompliance with the restriction of that section in the plans proposed necessarily affords an answer to his application for a writ of mandamus.

Motion denied, with $10 costs.