CREAM CITY BILL POSTING COMPANY, Respondent, vs. CITY OF MILWAUKEE and others, Appellants.

*April 10—October 6, 1914.*

*Constitutional law: Police power: Erection of billboards: Municipal corporations: Milwaukee city charter: Ordinances: Validity.*

1. The state in the exercise of its police power may reasonably regulate billboards; and this power of regulation has been delegated to the city of Milwaukee under the general welfare clause of its charter.

2. A city council may place billboards in a class by themselves and legislate in reference thereto.

3. Where the power to regulate exists, it is only in cases of clear abuse that the courts will declare the manner of its exercise to be violative of constitutional rights.

4. In order to support legislation under the police power, a public need therefor must exist, and the act must at least have a tendency to support such need; but such legislation should not be declared to be without justification unless it is clear beyond reasonable controversy that it is so.

5. The police power is in this state construed liberally in the interest of the general public, not strictly in favor of the individual.

6. An ordinance to regulate signs and billboards in the city of Milwaukee is not oppressive or unreasonable because it requires that the lower edge thereof be not less than two feet from the ground; that whether erected upon the ground or upon the roof or coping of any building, the sides or ends be at least three feet from any building, wall, fence, or other structure or obstruction that would prevent a free passage around the same; that they be so constructed as to withstand a wind pressure of forty pounds per square foot, with a factor of safety of four; that they be not placed nearer than their greatest height to the line of any adjoining street, alley, or navigable waterway; and that within the fire limits they be built of noncombustible material.

7. Such an ordinance is not rendered void by a provision that such existing structures as are not in conformity therewith shall within one year be removed or altered so as to comply with the ordinance.

8. An ordinance regulating billboards is not rendered void by a provision authorizing the building inspector, an appointive officer, to withhold a permit unless he finds that the terms of the ordinance have been complied with.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge.  *Reversed.*

On January 31, 1910, the common council of the city of *Milwaukee* passed an ordinance regulating the erection and maintenance of signs and billboards and providing for the issuance of permits for their construction and the license for their use and a penalty for the violation of the ordinance. On April 28, 1913, the common council adopted an amendment to sec. 5 of said ordinance.  The ordinance is quite lengthy.  The following synopsis of its provisions is taken from the brief of the appellants:

"Sec. 1.   No sign, billboard, board, fence, or structure of any kind to be used for advertising purposes shall be maintained in *Milwaukee* except as provided in this ordinance.

"Sec. 2.   (a) No such structure shall exceed at any point twelve feet in height from the lower to the upper edge. .

"(b) The lower edge of such structure shall not be more than three feet, nor less than two feet, above the surface of the ground.

"(c) The ends of such structure not to be nearer than three feet to any building, or wall, fence or other structure or obstruction.

"(d) Such structures, when on streets, shall be erected at such a distance from the line of the street, alley, or public way as shall be .equal or greater than the height of such structure.

"(e) Must be likewise back from the water line when on a navigable waterway.

"Sec. 3.   (a) Such structures shall be put up and maintained so as to withstand a wind pressure of not less than forty pounds to a square foot, with a factor of safety of four.

"(b) Such structures, when maintained on any wall, shall be securely fastened, and the fasteners shall be of metal, maintained free from rust or defects.

"Sec. 4.   Such structures, when within the fire limits, shall be built entirely of incombustible materials.

"(1) This provision not to include signs constructed of wood maintained on the walls of buildings, when such signs do not exceed from the lower to the upper edge two feet in

height, when not maintained above the lower edge of second-story window and not more than thirty feet above the surface of the sidewalk.

"(2) Or to wooden letters or numbers attached to incombustible structures.

"Sec. 5 (as amended). (a) Such structures, when on the roof or coping of any building, not to exceed ten feet in height.

"(b) The lower edge of such structure shall not be more than two feet above the surface of the roof or coping.

"(c) Such structures shall not be nearer than three feet to any abutting building, wall or structure, or obstruction, which would prevent the clear passage around it.

"(d) Permits, however, may be issued for signs of any height on roofs whenever they contain open space through which winds may pass at least one half the front area of the same and when they are to be no nearer than three feet to any obstruction, if the building inspector shall find, upon examination, that the building will safely support a structure twice the weight of the same, etc.

"Sec. 6. Such structures, when illuminated by artificial light, to be constructed of incombustible materials.

"Sec. 7. (a) No part of such structures, or any anchor, brace, guide wire, etc., shall be fastened to fire-escapes, fire-ladders, etc.

"(b) Shall not be put up to cover or obstruct any door or window, or so as to prevent or hinder the raising or placing of ladders against any such building by the fire department.

"Sec. 8. No sign, picture, poster, or advertisement to be placed on any public street or structure on any public street or public ground.

"Secs. 9 to 12. These sections govern the issuing of permits to persons to erect signs, the legality of which was not questioned in this suit.

"Sec. 13. Such structures as are not in conformity with the ordinance shall within twelve months after passage and publication of this ordinance be removed by the owner, unless such structure be altered so as to comply with the provisions of the ordinance.

"Sec. 14. Exempts from the ordinance:

"(1) Signs which do not exceed six square feet.

"(2) Signs painted upon the walls of any building.

"(3) Letters or numbers painted or attached to windows.

"(4) Any poster, picture, or advertisement put up on a billboard for which a permit has been issued.

"Sec. 15.    Prohibits exhibiting or displaying obscene pictures and those portraying murderous or criminal personal actions.

"Secs. 16 to 19.    These sections contain the penalties and power to revoke licenses and permits, which were not questioned in this suit."

The foregoing synopsis is sufficiently complete to enable the reader to correctly understand the issues in the case.

The plaintiff brought this action to enjoin the city of *Milwaukee* from enforcing the provisions of the ordinance and to secure judgment declaring the same to be unconstitutional and void.    The trial court held that the following provisions of the ordinance were oppressive, and that neither the state nor the city in the exercise of the police power had the power to pass the same:

(1) That portion of sec. 2 which reads as follows:

"The ends or sides or any part of such structure shall not be nearer than three feet to any building, wall, fence or other structure or obstruction which would prevent the clear passage around any part of such structure.    Any such structure erected or maintained upon premises abutting upon any street, alley or public way shall be erected or maintained at such a distance from the line of such street, alley or public way as shall equal or be greater than the height of such structure measured from the point of its greatest height to the established grade at the place of its location of such alley, street or public way upon which said premises abut; and when said premises abut upon a navigable waterway, the distance from the line of such waterway to the place where such structure is erected or maintained shall be equal or greater than the height of such structure measured from the point of its greatest height to its base."

(2) That portion of sec. 5 which reads as follows:

". . . and no part of such structure shall be nearer than three feet to any abutting building, wall or structure, or

obstruction, which would prevent the clear passage around any part of such structure."

(3) The amendment to sec. 5 of the ordinance regulating billboards located on roofs and copings, which modifies the provisions of the original ordinance in some respects.

Among other things the court found that the plaintiff had a large number of leases for space and about 35,000 lineal feet of signboards in different localities in the city of *Milwaukee;* that it had a considerable investment in these signboards and leases and expended about $18,000 a year for the payment of its help; that the signs maintained by the plaintiff were substantial and were all located on private property; that its advertisements were mostly of a commercial nature and did not injuriously affect the safety, health, morals, or welfare of the public; that many of its signboards were constructed prior to the passage of the ordinance in question; that a large number of its signs did not comply with the terms of the ordinance as to height, as to the height of the lower edge from the ground, as to the distance they were located from streets and alleys, as to the required spaces between adjoining buildings and other obstructions, and in some other particulars; that none of them were made of incombustible material; that the dimensions required by the ordinance would not enable the plaintiff to fulfil certain of its contracts with advertisers; that since 1891 the wind has blown for a single mile at the rate of seventy-eight and ninety miles per hour respectively in the city of *Milwaukee,* reaching the seventy-eight point on one occasion and the ninety point on another; that to change or remove the billboards and signboards so as to comply with the ordinance would require the taking down of some of them and rebuilding all of them and the reposting of the advertisements and announcements now posted or displayed thereon; that such action would entail considerable expense upon the plaintiff; that it has been the custom of the plaintiff to repair and overhaul its billboards

and signboards once each year; that the average life of said
boards is five years, and that the life of such boards, when
altered or erected in compliance with the provisions of the
ordinance relating to construction, would be extended about
twenty-five per cent.; that billboards and signboards become
in time loosened and weakened by the action of frost and
rain and wind, and unless promptly repaired become unable
to withstand the ordinary wind storms; that such structures,
including some of the billboards and signboards belonging to
the plaintiff, have been blown down in the city of *Milwaukee,*
and when they were built upon or near the lot line have fallen
over and across the sidewalks used by pedestrians; that many
of said billboards and signboards are built on lot lines imme-
diately adjoining sidewalks on busy streets in said city; that
most of the billboards and signboards are built on the ground
and are usually in sections of no more than twelve feet high;
that some are double and triple deck billboards, consisting of
two or three sections of twelve feet each, built so that one ex-
tends above the other; that such double and triple deck bill-
boards are usually built where the traffic upon the streets and
sidewalks is heaviest; that billboards or signboards which are
built higher than fourteen or fifteen feet above the ground, or
which, when on roofs and copings of buildings, exceed twelve
feet above the roof, are a hindrance to the fire department in
the prevention and extinguishing of fires, unless such struc-
tures have openings through which water may pass; that bill-
boards and signboards which are put upon the roofs or cop-
ings of buildings and are nearer than two feet to such roof or
coping or nearer than three feet to any abutting building,
wall, or structure which prevents the clear passage either un-
derneath or around such structure, are an interference with
the fire department in the prevention and extinguishing of
fires; that the use of incombustible material in the construc-
tion and repair of billboards and signboards as required in
said ordinance will materially diminish the danger of fire

originating or spreading because of such structures, and that in order to mitigate the danger of such fire it is necessary that billboards and signboards should be constructed and maintained of incombustible material under the conditions and in localities specified in the ordinance; that a billboard or signboard, or any part of the same, or any anchor, brace, guide wire, or guide rod which is attached, fastened, or anchored to any fire-escape, fire-ladder, or standpipe, or is put up so as to cover or obstruct any door or window of any building so as to hinder or prevent ingress or egress through the same and so as to prevent or hinder the raising or placing of ladders against the building by the fire department, is a hindrance to such department in the prevention and extinguishment of fires and to the escape of persons from such buildings; that billboards and signboards are single-walled structures erected with light metal or wooden sheathing on but one side of the upright supports and are usually in a straight line and are in greater danger of being blown down than other structures or buildings the sides or walls of which constitute a complete inclosure; that it is customary in the city of *Milwaukee* to erect frame buildings so as to withstand a wind pressure of thirty pounds to the square foot; that billboards and signboards do not have the same characteristics as wooden buildings and are rapidly weakened by vibration caused by the wind, the loosening of the stakes in the ground, and by the frost and rains and the rusting and decaying of the fastenings which are constantly exposed to the elements; that the requirement that such structures be erected and maintained to withstand a wind pressure of forty pounds to the square foot will tend to prevent such structures from being blown down; that billboards and signboards which are maintained on any wall or walls of any building and are not securely fastened with anchors of metal, either painted or otherwise kept so as to be substantially free from rust or defects, are apt to be and are at times blown down upon the streets and sidewalks, and

the requirement that such structures be anchored with anchors of metal to be maintained free from rust or defects will tend to prevent a large part of the falling down of said structures; that such billboards, signboards and fence-like structures as are built upon the ground and permit of access to the rear thereof afford places which are sometimes used by persons as a public toilet, which can be seen by persons in the vicinity, and such places to the rear afford dumping grounds for rubbish, filth, papers, and other inflammable materials; that all such advertising structures, when built on the ground, provide a place to the rear of them on which misdemeanors and offenses against the law have been committed and provide a hiding place for persons intending to commit crimes and nuisances.

As a conclusion of law the court found that the provisions of the law which were deemed to be oppressive were not separable from the remaining provisions thereof and that therefore the whole ordinance was void, and judgment was entered in accordance with the prayer of the complaint. From this judgment the defendants appeal.

*Daniel W. Hoan,* for the appellants.

For the respondent there were briefs by *Austin, Fehr & Gehrz,* and oral argument by *G. G. Gehrz.*

The following opinion was filed May 1, 1914:

BARNES, J. The state in the exercise of its police power has the right to reasonably regulate billboards. This is practically conceded, and there is no conflict in the authorities on the question. *People ex rel. Kemp v. D'Oench,* 111 N. Y. 359, 18 N. E. 862; *Att'y Gen. v. Williams,* 174 Mass. 476, 55 N. E. 77; *Welch v. Swasey,* 193 Mass. 364, 79 N. E. 745; *S. C.* 214 U. S. 91, 29 Sup. Ct. 567; *Benz v. Kremer,* 142 Wis. 1, 125 N. W. 99; *Chicago v. Gunning System,* 214 Ill. 628, 73 N. E. 1035; *Crawford v. Topeka,* 51 Kan. 756, 33 Pac. 476; *Bryan v. Chester,* 212 Pa. St. 259, 61 Atl. 894;

*People ex rel. Wineburgh A. Co. v. Murphy,* 195 N. Y. 126, 88 N. E. 17; *Comm. v. Boston A. Co.* 188 Mass. 348, 74 N. E. 601.

The state has delegated the power of such regulation to the city of *Milwaukee* under the general welfare clause (sec. 3, ch. IV) of its charter. *Mehlos v. Milwaukee,* 156 Wis. 591, 146 N. W. 882; *State ex rel. Elliott v. Kelly,* 154 Wis. 482, 485, 143 N. W. 153; ch. 678, Laws of 1913; *Whitmier & F. Co. v. Buffalo,* 118 Fed. 773; *In re Wilshire,* 103 Fed. 620; *Chicago v. Gunning System,* 214 Ill. 628, 73 N. E. 1035; *Gunning System v. Buffalo,* 75 App. Div. 31, 77 N. Y. Supp. 987; *St. Louis G. A. Co. v. St. Louis,* 235 Mo. 99, 137 S. W. 929. The provisions of this clause are quite fully stated in the *Mehlos Case, supra,* and in *Chain B. Co. v. Milwaukee,* 151 Wis. 188, 138 N. W. 621, and need not be repeated. Whether the power was expressly conferred by chs. 302 and 652, Laws of 1907, is not decided.

It is competent for the city council to place billboards in a class by themselves and to legislate in reference thereto. *Kiley v. C., M. & St. P. R. Co.* 142 Wis. 154, 125 N. W. 464; *Borgnis v. Falk Co.* 147 Wis. 327, 353, 133 N. W. 209; *Maercker v. Milwaukee,* 151 Wis. 324, 139 N. W. 199; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 98 N. W. 954; *Bingham v. Milwaukee Co.* 127 Wis. 344, 106 N. W. 1071; *State v. Evans,* 130 Wis. 381, 385, 110 N. W. 241.

The ordinance in question contains a series of restrictions on the manner of using private property, and the question is, Are the regulations contained therein reasonable? If they are, they are valid, and, if not, they are void. Where the power to regulate exists, it is only in cases where it has been clearly abused that the courts will declare the manner of its exercise to be violative of the constitutional rights of the property holder. *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 438, 87 N. W. 561; *Benz v. Kremer,* 142 Wis. 1, 125 N. W. 99.

In order to support legislation of this kind, a public need therefor must exist, and the act must at least have a tendency to support such need.    In discovering the need and the purpose, the legislative branch of the government may exercise its discretion within the realm of reason, and if a public purpose can reasonably be conceived which might rationally justify the act, the court cannot further weigh the adequacy of the need or the wisdom of the method.    *State ex rel. Zillmer v. Kreutzberg,* 114 Wis. 530, 549, 90 N. W. 1098.

Considerable evidence was offered in this case tending to show that the public welfare would or might be conserved by the various provisions of the ordinance which were made the subject of attack.

In reference to the provision requiring a clear space of three feet between these boards and any adjacent structure, it was said that it was a proper regulation, because otherwise the boards might be an obstruction to the fire department in the event of a fire in a near-by building and also to the police department in the pursuit of criminals.    The trial court met this claim by saying that the requirement that there should be a space of not less than two feet between the bottom of the board and the ground was sufficient for the needs of the fire and police departments.    It may well be, however, that those needs would be much better subserved by having both provisions instead of only one.

The reasonableness of the regulation requiring a clear space at the ends of roof and coping signs for the convenience of the fire department is more apparent, because the ordinance does not require any space to be left between the bottom of the boards and the roof or coping on which they rest. So it is apparent that these signs might prove to be a serious obstruction.    Roofs, particularly where they are not flat, are at best often difficult places from which to fight fire.

The regulation in regard to the distance which these boards must be placed from a sidewalk is justified on the ground that

it will tend to prevent pedestrians from being injured in case
any boards should fall down, and also on the ground that
when they are placed near to the sidewalk they afford a con-
venient hiding place for thieves and thugs who contemplate
robbing or assaulting passers by, and on the additional ground
that, when placed a reasonable distance from the lot line,
those committing crimes or nuisances behind the boards can
be more readily discovered. The trial court did not give
much weight to the two latter considerations, and thought the
first was wholly unnecessary, inasmuch as by another pro-
vision of the ordinance the boards were required to be built
so as to withstand a wind pressure of 139 miles per hour.
Of course this requirement would be sufficient, as far as the
safety of the boards was involved, if they were kept in this
condition at all times. But the evidence tended to show that
the resisting power of the boards was likely to be affected by
frost and vibration, as well as other causes, so that the addi-
tional factor of safety required by this provision can hardly
be said to be oppressive and to be without the bounds of rea-
son.

In addition to the provisions of the ordinance which the
court held void, the respondent insists that the following re-
quirements thereof are also void:

(1) That requiring the removal of existing boards and
the substitution of others complying with the terms of the or-
dinance, within one year after it became effective.

(2) That requiring the boards to be built of incombustible
material within the fire limits of the city.

(3) That requiring the boards to be of sufficient strength
to withstand a pressure of forty pounds to the square foot.

1. The retroactive feature of this ordinance is probably
the most drastic and doubtful requirement contained in it.
These structures were lawful when erected, and the ordinance
in effect requires that they be torn down and replaced by
others complying with its terms. In favor of the ordinance

it may be said that these structures are of a flimsy and temporary character and that they must be frequently replaced. Furthermore, that there seems to be a substantial need for some alterations to be made therein within a reasonable time. The making of these alterations must practically necessitate the reconstruction of the billboards. The reasonableness of the provision must depend on the extent of the interference with the private right as well as the extent to which public welfare is involved. In case there is any reasonable doubt upon the point, it must of course be resolved in favor of the validity of the ordinance.

2. The provision of the ordinance requiring billboards to be built of incombustible material within the fire limits, is, we think, clearly valid as to new billboards that may be built, or as to replacement of old ones. Surely the city has as much right to require that these structures be built of incombustible material as it has to require that others should be so built. In so far as the ordinance requires existing billboards that are in good condition to be replaced by fire-proof material, the ordinance raises the question that has been discussed in the preceding paragraph.

3. As to the provision requiring the boards to be built of sufficient strength to withstand the pressure indicated, we entertain no doubt as to its validity and for reasons heretofore stated.

There are a number of cases in the books which support the conclusion reached by the circuit judge on those features of the ordinance which were declared to be beyond the power of the council to enact, and some that go much farther.

The following cases hold that a requirement that billboards be built a certain distance from the street is unreasonable: *Crawford v. Topeka,* 51 Kan. 756, 33 Pac. 476; *Passaic v. Paterson B. P., A. & S. P. Co.* 72 N. J. Law, 285, 62 Atl. 267; *State v. Whitlock,* 149 N. C. 542, 63 S. E. 123. In Pennsylvania it was held that an ordinance preventing the

erection of any new billboards in the city of Chester was void. *Bryan v. Chester,* 212 Pa. St. 259, 61 Atl. 894. And in Massachusetts it was held that an ordinance preventing maintenance of billboards within sight of a certain public park was void. *Comm. v. Boston A. Co.* 188 Mass. 348, 74 N. E. 601. See, further, *Curran B. P. & D. Co. v. Denver,* 47 Colo. 221, 107 Pac. 261.

An ordinance restricting the length of billboards to twenty-five feet and the height to eight feet and providing that they should not come nearer than ten feet to any building or structure was also held void. *Curran B. P. & D. Co. v. Denver, supra.* And one restricting the height of billboards so as not to exceed seven feet, without the permission of the common council, was held void in so far as it affected billboards in existence when the ordinance was passed. *Whitmier & F. Co. v. Buffalo,* 118 Fed. 773. In Illinois it was held that an ordinance requiring all billboards in a city to be built of incombustible material and not exceeding 100 square feet in area and not nearer than twenty-five feet back of the lot line and not to exceed ten feet in height above the adjacent street, and the bottom of which should not be less than four feet from the ground, and that no such board should be erected nearer than twenty-five feet to any other board, was void. *Chicago v. Gunning System,* 214 Ill. 628, 73 N. E. 1035.

Other cases are cited by respondent, but the foregoing include most of those that can be said to be in point. The restrictions in a number of these ordinances differ materially from those in the ordinance presently under consideration. Then conditions vary. What might be a perfectly reasonable police regulation for the city of *Milwaukee* might be entirely unreasonable for the city of Stoughton. Some states construe the police power strictly in favor of the individual. Others, this court among the number, construe it liberally in the interest of the general public. So decisions of other courts declaring a given ordinance to be reasonable or other-

wise, while helpful and entitled to careful consideration, are by no means controlling.

The validity of the ordinance under consideration is not without support in the authorities. The states of Missouri and Texas have sustained much more drastic ones. *St. Louis Gunning A. Co. v. St. Louis,* 235 Mo. 99, 137 S. W. 929; *Kansas City G. A. Co. v. Kansas City,* 240 Mo. 659, 144 S. W. 1099; *Ex parte Savage,* 63 Tex. Crim. 285, 141 S. W. 244. See, further, *In re Wilshire,* 103 Fed. 620; *Welch v. Swasey,* 193 Mass. 364, 79 N. E. 745; *S. C.* 214 U. S. 91, 29 Sup. Ct. 967; and *Benz v. Kremer,* 142 Wis. 1, 125 N. W. 99.

It seems certain that the ordinance was not passed for the purpose of abolishing billboards under the guise of regulation, but merely for the purpose of regulating them. Neither do we discover in it any evidence that its passage was prompted by esthetic considerations. Reasons why the various provisions are calculated to promote the public welfare can be given in support of each of such provisions, albeit they are not very persuasive as to some of them. All of the objects which the council sought to accomplish were legitimate objects of police regulation. The only question before the court is whether the council went too far in prescribing the means by which these objects should be accomplished. It must be admitted that in some respects the ordinance approaches closely to the point of unreasonableness. Between the point where an ordinance is obviously reasonable and the one where it is obviously unreasonable there is a wide range, a broad field for the exercise of legislative discretion. The action of the municipal authorities within that range is conclusive. Reasonable minds may well differ concerning the extent of it, and, this being so, legislative action should not be declared to be without justification unless it is clear beyond reasonable controversy that it is so. Measured by this standard, we are unable to reach the conclusion that any of

the provisions of this ordinance transgressed any constitutional right of the plaintiff.

It is also argued by respondent that the ordinance is void because it empowers the building inspector to withhold permits unless he finds that the terms of the ordinance have been complied with. This question has been settled adversely to the respondent by our former decisions. *Mehlos v. Milwaukee,* 156 Wis. 591, 146 N. W. 882; *State ex rel. Nowotny v. Milwaukee,* 140 Wis. 38, 121 N. W. 658; *Milwaukee v. Ruplinger,* 155 Wis. 391, 145 N. W. 42.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on October 6, 1914.