## AN UNREASONABLE BUILDING RESTRICTION.

Circuit Court of Cuyahoga County.

STATE OF OHIO, ON RELATION OF FREDERICK F. BOOK AND GEORGE H. BOOK, v. CITY OF CLEVELAND AND J. F. DOOLEY, AS INSPECTOR OF BUILDINGS OF SAID CITY.

Decided, March 6, 1905.

*Police Power—Provision of Building Code Prohibiting Erection of Certain Buildings Within Sixteen Feet of Lot Line, Unreasonable and Void.*

The section of a building code enacted by a municipal council, which prohibits the erection of any building for the working of wood or other combustible materials within sixteen .feet of any lot line is an unreasonable exercise of the police power and is void.

*Frank E. Dellenbaugh* and *Philip E. Hintz,* for relators.
*N. D. Baker,* contra.

MARVIN, J. (orally) ; WINCH, J., and HENRY, J., concur.

This is a proceeding in mandamus.

A demurrer is filed to the petition and it is submitted upon that demurrer.

The defendant the city of Cleveland is a municipal corporation of the state of Ohio. The defendant Dooley is inspector of buildings for said city. A duty of the inspector is to issue certificates for permits to erect buildings in the city whenever persons applying therefor have legal right to erect such buildings.

The relators made a proper application to the defendant Dooley for permission to erect a building. That certificate of

permission was refused.    An appeal was taken to a proper board
of the city which sustained the ruling of the building inspector,
and the building inspector still refused to issue any certificate.

The building which relators propose to erect on the land owned
by them is to be one story, twelve feet high, ninety-three feet
long and twenty-nine feet wide.    It is to be constructed of brick,
substantially fire proof.    The outer walls will be about one foot
from the lot lines of the relators.    The building is to be used, if
erected, as a carpenter shop, heated with gas, and all the ma-
chinery is to be operated by a gas engine.    From this descrip-
tion of the building it clearly would not be in itself a nuisance,
unless there be some lawful authority which has declared that
such building shall be a nuisance.

The relators would be entitled to the certificate for which they
have applied but for the provisions of an ordinance of the city
which is in these words:

"No building    *    *    *    or shop for the working of wood or
other combustible materials    *    *    *    shall be erected within
thirty (30) feet of any building of the first grade, or 'hotel,'
'tenement,' or 'dwelling,' or 'office' except the dwelling owned
by owner of the building to be erected for or converted to the
uses aforesaid.

"No building shall be erected for or converted to the uses
aforesaid within sixteen (16) feet of any lot line or any other
grade of building not provided for above, except that when such
buildings are located in a block between street lines, where
all buildings located thereon contain stores, warehouses, shops
or factories devoted to the same or similar uses as herein pre-
scribed, then such buildings, if provided with dead brick walls
along their inner lot lines, may be spaced near each other, and if
such stores, warehouses, workshops or factories are built up to
such lot lines and separated only by dead division or party
walls, there shall be an open alley not less than sixteen feet wide
in the rear thereof, if such width is not in conflict with any
other provision of this code."

This ordinance was passed under authority of Section 1536-
100, Revised Statutes, which provides:

"Every city and village shall be a body politic and corporate,
which shall have perpetual succession, may use a common seal,

sue and be sued, and acquire property by purchase, gift, devise, or appropriation for any municipal purpose herein authorized, and hold, manage and control the same and make any and all rules and regulations, by ordinance or resolution, that may be required to carry out fully all the provisions of any conveyance, deed or·will, in relation to any gift or bequest. All municipal corporations shall have the following general powers and council may provide by ordinance or resolution for the exercise and enforcement of the same."

Paragraph 13 reads:

"To regulate the erection of buildings and the sanitary condition thereof, fences, bill boards, signs, and other structures within the corporate limits;" etc.

The authority given by this statute comes clearly within the police power which municipalities may exercise. (See Dillon, Munc. Corp., Section 141.)

There are, however, limits to this power. It can not be exercised in a manner wholly unreasonable. In speaking of this, Judge Dillon, Section 379, says:

"Much must necessarily be left to the discretion of the municipal authorities, and their acts will not be judicially interfered with unless they are manifestly unreasonable and oppressive  *  *  *  in which case the contemplated action may be prevented by appropriate suit or proceedings."

This brings us, then, to the consideration of the reasonableness of the ordinance under authority of which the defendants refuse the certificate asked for by the relators.

As to what is unreasonable, we have examined various authorities, and special attention is called to the case of *Crawford* v. *City of Topeka*, 20 L. R. A., 692, where it is held that an ordinance providing that "No person shall erect a bill-board or other structure for advertising purposes unless the same is placed at such distance from the line of the street or sidewalk as shall exceed at least five feet the height of such bill-board structure," to be unreasonable and therefore void. In the opinion, this language is used:

"All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the safety, health or comfort of the public; but a limitation without reason or necessity can not be enforced." ·

It is believed that properly states the law, and we come to consider whether the ordinance complained of here comes within the description or definition of what is unreasonable. The language used is: "No building shall be erected or converted to the uses aforesaid, that is for the erection or use of shops to be used for the working of wood within sixteen feet of any lot line." The phrase "any lot line," is susceptible of two interpretations, one of which is so manifestly unreasonable that it can hardly be supposed that that definition was intended to mean the lot lines as fixed by the platting of lots. It clearly would be unreasonable to say that a man who owns four or five lots platted in any part of the city that he might not erect a building that would cover the lot lines if he kept away from his own boundary lines for a proper distance, and still be very close to or upon the lot lines as fixed by the plat in which his land is situated. That is so manifestly unreasonable that it can not be supposed that that was intended, but if that is not intended, then it clearly must mean the boundary lines of the land of the party who proposes to erect a building. That boundary may be a street line; it may be the line of an alley; it may be on the line of the river; it may be on the line of the lake; it may be opposite to some public grounds of the city, still, with that construction of the language used in the ordinance, one would be prohibited from building within sixteen feet of his boundary line. And so, if he owned a lot bounding on the river he would be kept back sixteen feet from the river lest he should communicate fire from his building; he would be kept back sixteen feet from the street lest he communicate fire. It is contemplated that if there is an alley sixteen feet wide at the rear one may build upon the lot; so it is certain, it seems clear, that the council in passing the ordinance overlooked the fact that lot lines, meaning boundary lines of one's property, might be, as already stated, on the street, river, lake or opposite to public grounds and still restrict and

keep him back sixteen feet from his line.    An effort was made in the examination of this ordinance to see if a construction could be given the language by which side lines would be meant, but the matter of sides lines was not overlooked in the passage of this ordinance and was provided for later on, so that we must construe this to mean, not lot lines as platted, but boundary lines of the party who proposes to erect a building.    It would seem to us so clearly unreasonable to say that one owning property bounded by a street, river, lake or public ground must be restricted in the erection of a building to sixteen feet from that line, that we must declare the ordinance, in so far as it provides that the building shall not be within sixteen feet of a lot line, unreasonable and void.

The demurrer to the petition is overruled.