## MARTORELL et al. v. OCHOA et al.

(Circuit Court of Appeals, First Circuit. November 1, 1921.)

No. 1419.

1. **Parent and child ⊂⊃8—Interests of minors carefully guarded by courts and without it neither parent of infant may sell or incumber property.**

   Minors in every civilized country and under every known form of jurisprudence are a special care of the state, and their interests are carefully guarded by the courts, and neither father nor mother, without some authorization from the sovereign power itself, has any authority to sell or incumber the property of a minor child.

2. **Infants ⊂⊃34—Alienation of property of minors authorized only by court of district of their domicile.**

   Authorization for the alienation of property in Porto Rico of minors should be granted only by the court of the district of their domicile, under Spanish Civ. Code, art. 164, which took effect in 1890; Law of Civil Procedure, arts. 56 and 58, not relating to such matter, in view of article 63, § 23, and article 71.

3. **Adverse possession ⊂⊃84—No title acquired under void deed of minor's property.**

   A deed executed by a mother to lands of minor in Porto Rico under authorization of a court other than that of the district of the domicile of the minor was a nullity, and one who entered into possession under it could not acquire ownership by possession, under Civ. Code Porto Rico, § 1858, which requires good faith on the part of the possessor, since one who acquires the property of a minor in a manner unauthorized by local law is not a possessor in good faith.

Appeal from the Supreme Court of Porto Rico.

Action by Miguel Martorell y Torrens and others against J. Ochoa y Hermano and others. From a judgment of the Supreme Court of Porto Rico, affirming a judgment for defendants, plaintiffs appeal. Reversed and remanded.

Arturo Aponte, Jr., of Humacao, Porto Rico (Frank Antonsanti, of San Juan, Porto Rico, Jose Tous Soto, Manuel Tous Soto, of San Juan, Porto Rico, and Eduardo Flores Colon, of Ponce, Porto Rico, on the brief), for appellants.

Jorge V. Dominguez, of San Juan, Porto Rico, for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a final judgment of the Supreme Court of Porto Rico, affirming a judgment of

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the District Court of San Juan. The plaintiffs-appellants were minors at the death of their father, a resident of Porto Rico. They with their mother resided and had their domicile in the District of Arecibo. On July 28, 1902, the mother, in the exercise of patria potestas, obtained a judicial authorization from the District Court of San Juan, being a court of a district other than that in which she and the minors resided and had their domicile, for the sale of the interests of the minors in certain real estate, and on March 18, 1904, by virtue of such authorization, she conveyed their interests in said real estate to the firm of J. Ochoa & Bro.

The only error assigned is the ruling of the Supreme Court that the District Court of San Juan had jurisdiction to give this authorization. Article 164 of the Spanish Civil Code, in force in Porto Rico at the time when the District Court of San Juan granted the authorization, is as follows:

"Art. 164. The father, or the mother in a proper case, cannot alienate the real property of the child, the usufruct or administration of which belongs to them, nor incumber the same, except for sufficient reasons of utility or necessity, and after authorization from the judge of the domicle, hearing the department of public prosecution, excepting the provisions which, with regard to the effects of transfers, the Mortgage Law establishes."

The Spanish Civil Code took effect in Porto Rico, January 1, 1890, by virtue of a Royal Decree of July 31, 1889. The law of civil procedure in force at the same time had gone into effect on January 1, 1886, by virtue of a Royal Order dated September 25, 1885, and contained the following articles:

"Art. 56. Any judge impliedly or expressly agreed upon by the litigants shall be competent to take cognizance of the suits arising from actions of all kinds.

"The submission, however, can only be made to a judge exercising ordinary jurisdiction, and who is competent to take cognizance of questions similar to and of the same kind as the one submitted."

"Art. 58. An implied submission is made:

"First. By the plaintiff, by the act of filing his complaint before the judge.

"Second. By the defendant when after his appearance is entered in the action, he takes any further steps therein, except to formally object to the jurisdiction of the judge by declinature."

"Art. 63. In order to determine competency, in cases other than those mentioned in the foregoing articles, the following rules shall apply: * .* *

"23. In authorizations for the sale of property of minors or incapacitated persons, the competent judge shall be that of the place where the property may be situated, or that of the domicile of the persons to whom it belongs."

Under these articles of the Law of Civil Procedure it was held by the Supreme Court of Porto Rico, one justice dissenting, that the mother of the plaintiffs in the exercise of patria potestas could apply to any District Court upon the Island of Porto Rico for judicial authorization to sell the real estate of her minor children, notwithstanding the explicit provision contained in article 164 of the Civil Code. The reasoning upon which this decision was placed is that, although the Civil Code went into effect January 1, 1890, four years after the law of Civil Procedure, it did not repeal articles 56 and 58 of the latter, because the Civil Code being substantive law repealed only laws of the

same kind, and did not repeal adjective or procedural laws such as those contained in the Law of Civil Procedure, and that there is no real conflict between them and section 164 of the Civil Code. In support of this interpretation Manresa and Scaevola, distinguished commentators upon Spanish law, are cited, and also judgments of the Supreme Court of Spain of July 22 and September 30, 1857, October 6, 1866, and June 2, 1877, holding, it is said, that—

"The question of territorial jurisdiction has no place in ex parte proceedings because in them jurisdiction is conferred by rule 1 of article 1208 of the Law of Civil Procedure of 1855 upon the judge before whom the proceeding is brought, and that question can be raised only when the proceeding loses its character of an ex parte proceeding and is converted into a contentious cause."

Decisions of the General Directorate of Registries of Spain, of January 22, 1886, May 9, 1889, and February 8, 1907, based upon these decisions of the Supreme Court of Spain, are cited to the effect that the question of jurisdiction does not arise in ex parte proceedings because conferred by the mere act of applying to the court. It is stated by counsel however, and not denied, that section 1208 of the Spanish Law of Civil Procedure was omitted in the revision which went into effect in Spain in 1881, and does not appear in the Law of Civil Procedure which was made applicable to Porto Rico in 1886.

The construction of these articles of the old Spanish Codes, or analogous articles of the present Codes, have been before the Supreme Court of Porto Rico in several cases. In Sola v. The Registrar of Property, 8 P. R. R. 205, the court had before it the question of the proper court in which a declaration of the heirs of deceased persons should be made. Section 75 of the present Code of Civil Procedure is as follows:

"Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial as provided in this Code:

"(1) For the recovery of real property or of an estate or interest therein, or for the determination in any form of such right, and for injuries to real property."

And it was there held as section 56 of the former Law of Civil Procedure had been reproduced in sections 76 and 77 of the new Code of Civil Procedure that—

" * * * parties seeking a declaration of the heirs of the deceased can be heard by the judge of any District Court."

In Esteras et al. v. Arroyo, 16 P. R. R. 689, which was also a proceeding for the designation of heirs, Sola v. The Registrar of Property was reversed, and it was held that the jurisdiction conferred upon the District Court of the district where the deceased last resided, or where his property is situated, is exclusive; that an application to be declared an universal heir is not an adversary proceeding; and that the party who brings it cannot choose his forum, citing Garzot v. Rubio, 209 U. S. 283, 28 Sup. Ct. 548, 52 L. Ed. 794.

In Nazario v. The Registrar of Property, 16 P. R. R. 635, which was a proceeding to have the ownership of certain real property declared,

it was held that section 395 of the Mortgage Law, which provides that an application praying that the ownership of property be declared to have been established in cases where the petitioner is without a written and a recordable title of ownership shall be presented to the judge of the first instance of the district within which the property is situated, or within which the principal part is situated, if it lies within two different districts, conferred exclusive jurisdiction upon the judge of the district where the property or the principal part is situated.

In the present case, when the first appeal came before the Supreme Court from a judgment of the District Court overruling a demurrer to the complaint on the ground that it did not state a cause of action, the Supreme Court, in an elaborate opinion concurred in by all its members, reversed the judgment of the District Court, and sustained the demurrer, holding that article 164 of the Civil Code repealed articles 56 and 58 of the Code of Civil Procedure. Martorell et al. v. J. Ochoa and Brother et al., 23 P. R. R. 28.

In that opinion the court quotes Manresa on article 1976, the repealing article of the Spanish Civil Code, in which he says:

"Combining in their analysis the terms of the article under consideration, we must consider it an indisputable conclusion that it repeals the provisions of the common civil law of a purely substantive nature, except those which may have been regarded or declared to be still in force; therefore the repealing provision of the said article does not apply to the other civil laws relative to procedure, unless by reason of their peculiar nature they were the object of special provision to the contrary in the Code or cannot coexist with those established therein."

The court found this doctrine of Manresa to be sound, and that article 164 of the Code containing a substantive provision determining the manner and means and the authority which should complete the civil capacity of the father or the mother of the minor in cases of alienation or incumbrance of real property belonging to their minor children repealed the openly conflicting provisions of the Spanish Law of Civil Procedure. A judgment of the 12th of June, 1894, of the Supreme Court of Spain, was also cited, holding:

"The provisions of the Law of Civil Procedure being a part of the general law and not of the so-called lex fori, they were repealed by article 1976 of the Civil Code in so far as they may be in conflict with said Code, which is a subsequent law; and it cannot be contended that they are in force in consequence of the provisions of article 12 of the Code. * * *"

The court discussed the judgments of the Supreme Court of Spain in which it held that questions of competency are not included in acts of voluntary submission, because the law grants this to the judge before whom the case is tried, and also the decision of the General Directorate of Registries of Spain, and stated that in none of the said judgments or decisions has it been held that the provisions of the Law of Civil Procedure, of 1886, applicable to the question of the competency of the judge, should continue to be applied after the enactment of article 164 of the Civil Code, and stated that in its examination it had been unable to find a single case in which this question had been raised

and decided. The case then went back to the District Court, where there was a trial, and the judge of the District Court found and ruled that the defendants had acquired ownership by prescription under the laws of Porto Rico. From this judgment there was a second appeal, and the Supreme Court—two justices dissenting—sustained the judgment of the District Court. One of the concurring justices, however, concurred only in the judgment and later filed a concurring opinion in which he attacked the reasoning and judgment of the court in its opinion upon the first appeal, and also the second judgment of the District Court, on the ground that if the authorization was given by the court without authority there could be no question of prescription. A motion for a rehearing was then granted, and upon this the final judgment appealed from was rendered. In its opinion the court bases its approval of the judgment of the District Court upon two grounds:

First. That the authorization of the District Court of San Juan was valid and effective in law, and that its former judgment and opinion of July 23, 1915, 23 P. R. R. 28, was erroneous.

Second. That, without receding from its former decision, the judgment appealed from should be sustained on the ground that the defendants had acquired ownership by prescription by reason of section 1858 of the Civil Code.

Two of the justices concurred in the judgment and in the whole opinion; two others concurred, agreeing "with the judgment and opinion, but without considering the matter of prescription"; and one justice dissented in toto.

[1, 2] We think, in the discussion of this case, the Supreme Court of Porto Rico failed to give due consideration to the important fact that minors, in every civilized country and under every known form of jurisprudence, are a special care of the state; that their interests are carefully guarded by the courts, and that neither father nor mother, without some authorization from the sovereign power itself, has any authority to sell or incumber the property of a minor child. The Civil Code in force in Porto Rico in 1902 pointed out the manner in which this authorization could be obtained, and it is elementary that this method must be strictly complied with, for the state itself, as a protector of the rights of the minor, is interested, and under the provisions of the Spanish Code the Fiscal—the attorney of the state—was required to be present at the hearing upon the application and to protect the interests of the minor. While the mother was nominally a party to the proceeding, the real parties in interest were the minor children, and the application by her for judicial authorization to alienate their property did not involve her rights alone. It may be, which we do not decide, that in a strictly ex parte proceeding a suitor may, by voluntary submission, choose his forum; but subdivision 23 of article 63 of the Spanish Code of Civil Procedure clearly indicates that the court to which application is to be made for authorization to alienate the property of a minor cannot be chosen, for, if the parent, in the exercise of patria potestas, could choose a court to which application could be made for such authorization, it was entirely unnecessary to provide, as subsection 23 does, that, in the authorization for the

sale of property of minors or incapacitated persons, "the competent judge shall be that of the place where the property may be situated, or that of the domicile of the person to whom it belongs." The only reasonable interpretation that can be placed upon this section is that authorization for the sale of property of minors was not intended to be included in the cases to which submission would apply, under articles 56 and 58. This interpretation is confirmed by article 71 of the Spanish Code of Civil Procedure, which is as follows:

"Art. 71. The rules established in the foregoing articles shall be understood without prejudice to the provision of law in special cases."

The foregoing articles referred to in this section include articles 56 and 58.

Article 164 of the Civil Code contains a provision of law in a special case which is consonant with reason and the protection of the rights of the minor. Articles 56 and 58 may govern submission in general, in both ex parte and adversary proceedings, but in the special case of the alienation of the property of a minor the special provision contained in article 164 of the Civil Code must govern. It is not necessary to hold that articles 56 and 58 of the Code of Civil Procedure were repealed by article 164 of the Civil Code, as they do not apply to the special case covered by that article. The distinguished Spanish commentators, Manresa and Scaevola, both recognize that the repealing clause of the Spanish Civil Code repeals conflicting provisions in the law of procedure; the former stating that this repealing clause "does not apply to the other civil laws relative to procedure, unless by reason of their peculiar nature they were the object of special conflicting provisions in the Code or cannot coexist with those established therein." And the latter, in discussing further article 164 of the Civil Code repealing article 63, section 23, of the Law of Civil Procedure, states:

"Although for the reason stated we are of the opinion that the Code did not and could not repeal the Law of Civil Procedure, the provision of the former (article 164) is conclusive since it orders that the authorization ought to be obtained from the Judge of the domicile."

[3] We think it was the intent clearly expressed that authorization for the alienation of property of minors should be granted only by the court of the district of their domicile; and holding this view it is unnecessary to discuss the question of prescription, as the deed executed by the mother, Rosa Torrens, was a nullity; and one who entered into possession under it could not acquire ownership by possession under section 1858 of the Civil Code of Porto Rico, for that requires good faith upon the part of the possessor, and it has been held in Longpré v. Diaz, 237 U. S. 512, 522, 35 Sup. Ct. 731, 59 L. Ed. 1080, that one who requires the property of a minor in a manner unauthorized by local law is not a possessor in good faith.

It is also to be noted that the Supreme Court of Porto Rico did not, by a majority of its members, affirm the judgment of the District Court, based upon prescription.

The judgment of the Supreme Court of Porto Rico is reversed, with costs to the appellants in this court, and the case is remanded to that court for further proceedings not inconsistent with this opinion.