González, Plaintiff and Appellant, *v.* Roig et al., Defendants and Appellees.

Appeal from the District Court of Humacao in an Action of Nullity, Etc.

No. 2631.—Decided July 18, 1922.

Property of Minors—Authorization of Court—Necessity and Utility—District Attorney.—In a proceeding prosecuted in February 1911 to obtain authorization of court to alienate property of minors on the ground of necessity and utility the intervention of the district attorney was not necessary. *Busó et al.* v. *Busó et al.*, 19 P. R. R. 9.

Id.—Id.—Affidavit—Evidence.—Courts should not accept affidavits as evidence in proceedings of necessity and utility. However, considering the circumstances attending this case, in the absence not only of fraud, but of the slightest injustice, it was *Held:* That the proceedings should not be declared null and void for the sole reason that the testimony of witnesses was admitted in the form of affidavits.

Id.—Demurrer—Pleading.—The fact that a judge has ruled on a demurrer does not prevent his successor from ruling on it in a contrary sense if it is again duly pleaded, or if he is bound to pass on its merits in rendering judgment.

The facts are stated in the opinion.

*Mr. F. Cervoni* for the appellant.

*Messrs. F. González* and *Chas. Hartzell* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Antonia González Cádiz brought an action against Antonio

Roig Torrellas and the Juncos Central Company praying for the annulment of a designated judicial authorization, the cancelation of certain records in the registry of property, the restoration of a parcel of land and an indemnity of ten thousand dollars. The complaint was dismissed and the plaintiff appealed to this Supreme Court.

From the pleadings and the evidence it appears that on February 18, 1911, Josefa González, with *patria potestas* over her unemancipated minor daughter, the present plaintiff, who is a resident of Humacao, presented a verified petition to the District Court of Humacao alleging that her daughter was the owner of a property of twenty-six acres of land situated in the municipal district of Humacao which had been adjudicated to her in the settlement of the estate of her deceased father in the sum of five hundred and fifty dollars; that the property was leased for one hundred dollars yearly; that Antonio Roig desired to construct a railroad track through the property and offered to pay her five hundred dollars for one acre of the land for that purpose; that such a railroad would enhance the value of the property; that the rent paid for the property would not be decreased by reason of the segregation of the one acre, and that the proceeds of the sale of the one acre would be invested in an urban property which would rent for eight dollars monthly, for all of which reasons she prayed the court for authorization to segregate and sell the said acre of land for the sum of five hundred dollars.

The evidence consisted of three affidavits containing the sworn statements of Julio Gay, Francisco Porrata and Andrés García, all in corroboration of the allegations of the verified petition, and a certificate of the Treasurer of Porto Rico showing that the property of twenty-six acres was assessed at $1,930 for the purposes of taxation.

On the merits of the case thus presented the court finally granted the authorization and the sale was made by a public

deed executed on February 21, 1911. Subsequently Roig, the grantee, sold the parcel of land to the Juncos Central Company and it is now in the possession of that corporation. Both conveyances were recorded in the registry of property.

The plaintiff contends that the authorization is void because it was granted by the court without hearing the district attorney and without examining evidence.

1. The law governing the matter when the authorization was granted is contained in section 222 of the Civil Code and sections 80, 81 and 82 of the Special Legal Proceedings Act of 1905. In none of the said statutes is the intervention of the district attorney required.

This same question was settled by this court in the case of *Busó et al.* v. *Busó et al.*, 19 P. R. R. 9. The court, by Mr. Justice McLeary, said:

"First: The law in force at the time of making the order of utility and necessity, on which this suit is based, is a proceeding contained in articles 80 and 82 of the law in regard to Special Proceedings passed by the Legislature of Porto Rico on March 9, 1905, and its amendments made in 1907, and not the provisions cited from the Spanish Code of Civil Procedure and the Mortgage Law. (See art. 85 of the Law of Special Legal Proceedings. repealing all former laws in contravention thereof.) The law in force on the date when this resolution now appealed from was made did not demand the requisites on the lacking of the observance of which the action of the plaintiff was founded; that is to say, the citation of the *fiscal* and of the appellant minors, citation of the emancipated minor, lack of their consent, etc. This is plainly apparent from a perusal of the said statutes and a study of the course of legislation passed in this Island in regard to the matter involved in this transaction."

The attorney for the appellant insists that article 205 of the Mortgage Law, which requires the intervention of the district attorney, was in force; but his argument has not convinced this court. Hence, the doctrine laid down in the *Busó Case, supra,* is ratified and applied.

2. The other alleged ground of nullity is that there was no evidence. Section 82 of the Special Legal Proceedings Act provides that when it is sought to alienate real property, as in this case, a certificate shall be submitted showing the assessed value of the property for the purposes of taxation and that the petition shall state the minimum price expected to be received therefor. These requirements were duly complied with. And said section 82 concludes as follows:

"The court shall admit and put into execution [sic] the proofs offered it regarding the utility or necessity of the alienation or encumbrance, and shall issue the proper order, such order being appealable."

This last point is the only doubtful one in this case. In our opinion, the former law forbade and the present law forbids a court to grant authorization to sell or encumber property of minors without proof of the necessity or utility of the transaction. A petition alone, although verified, is not sufficient. Something more is needed. Was there something more in this case? We think so, although it was in a form not to be highly recommended. The courts should not admit mere affidavits as evidence in cases of this kind. The witnesses should appear personally and be interrogated before the court and by the court, if it is so advised.

The cases of *Meléndez* v. *Registrar of Property.* 17 P. R. R. 575, and *Hermida & Palos* v. *Gestera,* 23 P. R. R. 92, have been cited.

In the former case it was held (syllabus) that—

In accordance with articles 390 and 391 of the Mortgage Law, which have not been repealed by any subsequent act, the manner of presenting evidence in possessory-title proceedings is by the personal appearance of the witnesses in the court that is to decide the proceedings, which is the only one having jurisdiction to take the testimony of the witnesses, sworn declarations or affidavits being incompetent as evidence."

And in the latter case it was held (syllabus) that—

"The object of an affidavit is not to provide testimony for use at the trial. The witnesses should testify orally or by depositions so that the adverse party and the court may have an opportunity to scrutinize their testimony."

The correct doctrine is contained in the two syllabi quoted. Affidavits may be used in the manner pointed out by the law itself, which is indicated in the course of the opinion in the *Meléndez Case, supra;* but it should be taken into account that in that case the court was construing both the Law of Evidence and a provision of the Mortgage Law which expressly required that "in the proceedings two or more witnesses shall be heard, who shall be residents and landowners * * *," while in this case the law speaks of evidence in general, and it can not be denied that an affidavit may be used as evidence in certain cases. The *Hermida Case, supra,* was an adversary action, while this was a special *ex parte* proceeding. Hence, although we have expressed our opinion that this is a practice which should not be followed, we need not conclude that because of the fact that the court granted the authorization on the basis of the verified petition, the certificate of the Treasurer and the testimony of three persons presented in the form of affidavits, its decision is absolutely void, particularly as there was no showing whatever of fraud or of the slightest injustice. On the contrary, the facts show clearly the utility of the transaction authorized by the court.

It is true that in Porto Rico a practice has grown up giving to affidavits a latitude which in reality they have not according to law and American precedent. For the protection of the interests of litigants and the promotion of good practice, the attorneys, notaries and judges should consider this question carefully. We recommend a study of the commentary by Professor Thockmorton at pages 314 to 377 of volume 2 of *Corpus Juris.* In the case before us, we repeat,

we are led to affirm the judgment by the attendant circumstances. Otherwise, we should have been obliged to reverse it on technical grounds.

3. The attorney for the appellant contends in his brief that inasmuch as Judge Cuevas Zequeira overruled the demurrer interposed by the defendants, his successor, Judge Berga, had no authority to render a judgment, as he did, practically reversing the ruling of his predecessor on the the fundamental question of law involved in the action. A ruling on a demurrer is not a final determination of a suit unless it is docketed as the judgment. The action continues its course and the same question may be raised anew and disposed of in a contrary sense. See 31 Cyc. 350. And the fact that a duly appointed judge takes up a case after a demurrer has been ruled on by his predecessor, does not deprive him of jurisdiction to dispose of the same question contrarily if it is raised anew, or if he must decide the question necessarily in rendering his judgment. In such a case each judge has the same powers and duties.

For the foregoing reasons the appeal is dismissed and the judgment

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred. Mr. Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

The Law of Special Legal Proceedings of 1905 was taken from Spanish sources and section 82 thereof in English ought to read (as shown in the opinion of the court in Spanish) as follows: "The court shall admit and consider the proof offered it," etc. In realty, the words *"admitirá"* and *"practicará,"* as used in Spanish, should be translated by the single verb "shall admit." I make this explanation because the English text is garbled.

If it is merely bad practice, as set forth in the majority

opinion, to file affidavits in the sale of minors' property and it is not against the law, then parties and counsel have a right to go on presenting affidavits, notwithstanding the admonition of this court. My idea is that the letter and spirit of the law is otherwise. *"Admitirá y practicará pruebas"* means that the court will consider proofs. *"Pruebas,"* I maintain, should be translated "evidence." But even if the word "proofs" is used, as in the English text, an affidavit is not *proof,* except in the cases specially recognized in section 128 of the Law of Evidence, as this court has pointed out in *Meléndez* v. *The Registrar,* 17 P. R. R. 575, and *Hermida & Palos* v. *Gestera,* 23 P. R. R. 92. These cases, although slightly distinguished, were cited and, it seems to me, approved in the majority opinion.

As to the spirit of the law or its true intention, this was a proceeding to dispose of a minor's property. It is not like a preliminary injunction where the parties have another try. It is a definite disposition of the property and the court should have an opportunity to hear testimony and to examine witnesses in the interests of the persons *non sui juris.* The court is a protector.

The majority opinion, by suggesting that there was no fraud in this case, was evidently imagining that mere affidavits might open the way to fraud. It is not so much what has actually been done under a supposed authority as what may be done that should be the test. See, among others, *City of Rochester* v. *West,* 164 N. Y. 510–14, and *Matter of Jones* v. *People,* 10 App. Div. (N. Y.) 59.

When a minor comes of age, if his property has been sold, that years should have elapsed would be the rule rather than the exception. Hence, a hardship will very frequently arise when it is sought to set aside a sale of such property. A question of right in such a case ought not to be affected by lapse of time or other like consideration.

The case, I take it, is not defended on a suggestion of

benefit to the minors by the sale. The principle of *stare decisis* is less applicable in this case than in *Martorell v. Ochoa,* 276 Fed. 99. The majority opinion does say that a practice has grown up in Porto Rico that does not exist on the continent, but in 1911, when this sale was authorized, the law of 1905 had been in force something over five years and we have no record of when the practice began.

As soon as cases have come before us we have attempted to point out the true use of affidavits. *Meléndez* v. *The Registrar; Hermida & Palos* v. *Gestera, supra,* and the instant case. The admitted premises, in my judgment, should have led to a reversal.