No. 47,441

RESTAURANTS OF WICHITA, INC., *Appellant,* v. CITY OF WICHITA, KANSAS, *Appellee.*

(527 P. 2d 969)

Opinion filed November 2, 1974.

*Gerald E. Wells,* of Arabia and Wells, of Wichita, argued the cause, and *Paul Arabia,* of the same firm, was with him on the brief for the appellant.

*Richard A. Shull,* Assistant City Attorney, argued the cause, and *John Dekker,* City Attorney, was with him on the brief for the appellee.

*John P. Woolf* and *J. Taylor Neuschwander,* of Martin, Pringle, Schell and Fair, of Wichita, were on the brief amicus curiae for James V. Jackson.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by the plaintiff-appellant, Restaurants of Wichita, Inc., to enjoin the defendant-appellee, City of Wichita, from revoking a permit issued by the city to the plaintiff to erect a projecting sign which overhangs a public alley approximately four feet. The facts have been fully stipulated by the parties and are not in dispute. They are as follows: On December 28, 1972, the city through its Central Inspection Division issued

sign permit No. 12,988 to Ed Dunn and Sons Signs, Inc., the agent of the plaintiff, authorizing the erection of a projecting sign located on certain real property in Wichita, which was under lease to and occupied by plaintiff. The permit was issued for the projecting sign under that portion of the code of the city of Wichita pertaining to billboards and signs. It is undisputed that the sign as erected projected some four feet over a public alleyway of the city. After the sign was erected residents in the neighborhood requested a hearing before the city commission for revocation of the sign permit. A hearing was held on the controversy at a regular meeting of the commission on January 23, 1973. Following the hearing the city commission revoked the permit and requested the projecting sign to be removed within ten days from that date. The plaintiff thereupon requested a rehearing on the entire matter at the next regular scheduled commission meeting. A rehearing was held on January 30, 1973, at which time the commission summarily rejected the argument of plaintiff's counsel and reaffirmed its prior decision revoking the sign permit. The plaintiff has exhausted all of the administrative remedies available to it. At the hearing in the district court the case was submitted on the stipulated facts just stated and no additional evidence was presented.

The issues raised in the district court and on this appeal are essentially questions of law involving the constitutional validity of certain provisions of the Wichita city code pertaining to the erection and removal of billboards and signs. The city has enacted a comprehensive ordinance pertaining to this subject which is contained in chapter 24 of the code. Section 24.04.020 provides in substance that all matters relating to the erection, removal, location and maintenance of signs and sign devices and their supports or appurtenances erected in the city are presumed to be provided for by this chapter of the city code and all reasonable and uniform rules and regulations adopted in the furtherance thereof. 24.04.030 declares that the chapter is remedial and shall be construed to secure the beneficial interest and purposes thereof, which are public safety, stability, health and general welfare of the citizens of the city. Section 24.04.050 makes it unlawful to erect or maintain any sign in violation of any provisions of this chapter. The code contains definitions of different types of signs and requires a license to engage in the business of erecting or removing signs. It requires a bond for a person so licensed and prescribes a fee for various types

of sign permits. Permits for the erection or removal of signs are to be obtained from the Building Inspection Superintendent. There are many sections prescribing specific standards and requirements for the erection of signs. These standards pertain to such matters as prohibited locations, signs exempt under the chapter, general requirements as to standards of materials and construction, and maximum dimensions for the erection of signs, especially signs which extend over public property.

Section 24.04.140 is concerned with the revocation of permits and provides as follows:

"Same—Revocation; stopping work and removal of signs. The building inspection superintendent may revoke any permit issued under the provisions of this chapter or stop the work or order the removal of any sign for any of the following reasons:

"(a) Whenever there is a violation of any of the provisions of this chapter, any provision of this Code or any other ordinance or law relating to signs.

"(b) Whenever the continuance of any work becomes dangerous to life or property.

"(c) Whenever there is any violation of any condition on which the issuance of the permit was based.

"(d) Whenever, in the opinion of the building inspection superintendent, the person having charge of the work is incompetent.

"(e) Whenever any false statement or misrepresentation has been made on the application, drawings or data on which the issuance of the permit was based.

"The revocation notice of the permit, or order to remove a sign, shall be in writing and shall be served on the sign hanger, the owner of the sign or the owner of the premises upon which the sign is hung, the agent or the person in charge of the work.

"*Any permit for a sign over public property shall be revocable at the will of the board of commissioners.*" (Emphasis supplied.)

It should be noted that before a permit may be revoked by the *building inspection superintendent* certain specific reasons or standards must be established. However, a permit for a sign over public property is revocable at the will of the board of commissioners. It is this latter provision which has been subjected to attack by the plaintiff and which is involved on this appeal.

The plaintiff contends in substance that ordinance No. 24.04.140 is unconstitutional and invalid, for the reason that it authorizes the board of commissioners for Wichita to decide arbitrarily and capriciously to revoke sign permits; it provides no standards or guidelines to protect the constitutional rights and property of citizens from the arbitrary, despotic and discriminatory actions of the Wichita commissioners; it makes the city commissioners the final arbiters

of property rights; and it authorizes the infringement of the private rights of an abutting property owner to the public alleyway under the guise of its police power, all in contravention of the plaintiff's constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution and Section Eighteen of the Bill of Rights of the Kansas Constitution. Plaintiff further contends that the act of the board of commissioners in revoking plaintiff's sign permit after authorizing and encouraging plaintiff to expend large sums of money for the erection of its sign was arbitrary, capricious and discriminatory against the plaintiff and violative of the constitutional provisions just mentioned.

The plaintiff takes the position that the ordinance is invalid for the reason that a city governing body may not delegate to an administrative official discretion to revoke licenses and permits without prescribing clear standards to be followed in exercising his discretion. This rule is not applicable to the facts of the case before us. Here the plaintiff's sign permit was not revoked by an administrative official of the city but by the board of commissioners acting under its police power to regulate structures projecting upon or over the public streets or alleyways. (*Langan v. City of Atchison,* 35 Kan. 318, 324, 11 Pac. 38; *Crawford v. City of Topeka,* 51 Kan. 756, 33 Pac. 476.)

It is important to note that the section of the ordinance complained of applies only to signs which project over public property. Here the plaintiff's sign projects over the public alleyway and it is the use of public property which the board of commissioners is regulating. Since the passage of the home rule amendment of the Kansas Constitution, Article 12, Section 5, the exercise of the police power by Kansas cities no longer requires enabling legislation. One objective of the home rule amendment was to give each municipality authority to carry out municipal functions without statutory authorization. (*Capitol Cable, Inc. v. City of Topeka,* 209 Kan. 152, 161, 495 P. 2d 885.) The regulation of signs and the issuance of permits for them is within the purview of the police power. This is the type of self-governing that the home rule amendment speaks to. Under this power the city governing body may grant permits to erect signs and also to revoke such permits.

It is the general rule that there is no contract or vested right of property in a license or permit as against the power of the state or a municipality to revoke it for cause or in the exercise of the

police power to protect the public health, safety, morals or welfare. The mere issuance of a permit does not create a vested right or estop the municipal authorities from revoking it. (McQuillin, Municipal Corporations, Vol. 9, § 26.81.) Since there is no vested right in a license or permit for the maintenance of a sign projecting over public property or its continuance, it may be revoked at the pleasure of the governing body of the municipality provided the revocation is not arbitrary, unreasonable or discriminatory. The action of a municipality in exercising its police power is always subject to the test of reasonableness. The courts will furnish relief against arbitrary or unreasonable actions by the governing body of a city.

In *Grigsby v. Mitchum*, 191 Kan. 293, 380 P. 2d 363, we stated:

"Almost every exercise of the police power will necessarily either interfere with the enjoyment of liberty or the acquisition, possession or production of property, or involve an injury to a person, or deprive a person of property within the meaning of the Fourteenth Amendment to the Constitution of the United States. Nevertheless, it is well settled that an exercise of the police power having such an effect will be valid if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public, and if it is not unreasonable or arbitrary." (p. 302.)

In *Community Antenna TV of Wichita, Inc. v. City of Wichita*, 205 Kan. 537, 471 P. 2d 360, we reemphasized this rule by stating that the home rule amendment in broadening the powers of municipalities did not extend to them the power to enact unreasonable ordinances under the guise of police power.

The provision in section 24.04.140 of the Wichita city code that any permit for a sign over public property shall be revocable at the will of the board of commissioners, makes it clear that a permit for such a sign is not issued for a specific period of time but may be revoked at any time by the board of commissioners in the proper exercise of its police power. Such a provision in the ordinance is binding upon a citizen who obtains a permit for that purpose. However, in revoking a permit the city governing body must act reasonably and not in an arbitrary and capricious manner. Hence in a case of this type where the action of a city governing body is subjected to judicial scrutiny, the issue to be determined is the reasonableness or unreasonableness of the city's action. In applying this test a court will not substitute its own judgment of reasonableness for that of the legislative body charged with the primary duty and responsibility of determining the question of reasonableness.

(*City of Lyons v. Suttle*, 209 Kan. 735, 498 P. 2d 9.)   There is a presumption the governing body of a city acted reasonably and it is incumbent upon those attacking its action to show the unreasonableness thereof.   (*Eastborough Corporation, Inc. v. City of Eastborough*, 201 Kan. 491, 441 P. 2d 891.)

In this case the matter was submitted to the district court on a stipulation of facts which narrowly restricted the evidentiary record. Here the permit was issued for a projecting sign and the sign as erected projected some four feet over the alleyway.   After the sign was erected residents in the neighborhood requested a hearing before the city commission for revocation of the sign permit.   There was notice to the plaintiff of the city commission's intention to revoke the permit.   There was a full public hearing on January 23, 1973.   At plaintiff's request a rehearing was granted and held on January 30, 1973.   The earlier decision revoking the sign permit was upheld.   The record does not set forth the evidence presented at the hearing or the basis for the city's action in revoking the permit.   The record simply does not establish that the action of the city commission in revoking the sign permit was arbitrary, capricious or unreasonable.   Plaintiff was afforded every due process available in this type of proceeding.   There is nothing to show that the commission did not act within the proper ambit of its authority under the police power.   We find no constitutional infirmities in the ordinance involved here.

The judgment is affirmed.