(594 P.2d 1115)

No. 49,686

Ralph O. Stauber, Anna Stauber, and Mary S. Boder, *Appellees,* v. The City of Elwood, Kansas, J & L Outlet and Allied Mills, Inc., *Appellants.*

Petition for review denied July 13, 1979.

Opinion filed May 18, 1979.

*Jack R. Euler,* of Euler and Euler, of Troy, for the appellants.

*Ralph O. Stauber,* pro se.

Before Foth, C.J., Parks and Swinehart, JJ.

Swinehart, J.: Defendants appeal from an order granting a mandatory injunction requiring them to remove certain advertising signs constructed upon a public right-of-way in the City of Elwood.

The defendant City of Elwood authorized the defendants J & L Outlet and Allied Mills, Inc., both private business firms, to erect signs in the right-of-way of 7th Street in Elwood. The right-of-way upon which these signs were constructed adjoined a tract of land owned by the plaintiffs Ralph Stauber, Anna Stauber and Mary Boder. The trial was to the court. Based upon the evidence presented, a mandatory injunction requiring the defendants to remove their signs from 7th Street and an injunction that enjoined all defendants from locating private advertising in the future on the public ways in Elwood at any point where the property of the plaintiffs is contiguous to the public way were issued.

On appeal the defendants raise the following questions:

(1) Does the authorization, erection and maintenance of the signs in the 7th Street right-of-way constitute an unlawful taking of access to the plaintiffs' property without due process of law?

(2) Does the authorization, erection and maintenance of the signs in the 7th Street right-of-way constitute an unlawful interference with plaintiffs' use and enjoyment of their property and therefore constitute a nuisance?

(3) Did the City of Elwood exceed its police power in permitting the remaining defendants to erect and maintain the signs in the public right-of-way?

(4) Was it error for the trial court to enter an order requiring the defendants to remove the signs complained of and enjoining the defendants from any future erection of signs in the right-of-ways adjoining plaintiffs' property?

The plaintiffs own a tract of land containing approximately 8.8 acres in the City of Elwood. At the time this action was brought and for at least the prior twenty years the land had been used solely for agricultural purposes. However, the tract has been zoned and taxed as industrial property. The plaintiffs have unrestricted access to this tract on all four sides of its perimeter except for the southeast corner where the signs in question are located, and possibly for some locations along U.S. Highway 36. In 1972 the City granted the defendant Allied Mills written permission to erect one of the signs which gives directions to the Allied facilities. The Allied Mills plant had been financed by industrial revenue bonds issued by the City of Elwood. The second sign involved in this appeal was erected by the J & L Outlet under a permit issued by the City. This particular sign carries advertising both for J & L Outlet and its licensee, Tires Unlimited. As a condition for the issuance of this permit, the City required J & L Outlet to include information concerning the location of the business district of the City of Elwood on this sign, which was done.

The above mentioned permits were not received into evidence, and even though the findings of the trial court indicate that the City had an ordinance providing for the erection of signs in industrial areas, there does not seem to be an ordinance providing for the placement of the signs in question, i.e., private use signs, on the public right-of-way.

The two signs are located in the right-of-way on 7th Street approximately one foot east of the plaintiffs' abutting property and extend northerly from Highway 36 for a distance of approximately forty feet. The signs are near the southeast corner of the plaintiffs' tract where the plaintiffs' property is approximately three or four feet lower than the surface level of 7th Street adjoining it to the east. The evidence presented does not show that the plaintiffs had attempted to utilize that portion of the tract

of land for access at any time prior to the placement of the signs. The signs which are embedded in a concrete base do not overhang the travelled portion of the street or highway, and do not obstruct or impede the free movement of traffic along 7th Street. They do not give offense to or endanger life or health, violate the laws of decency, or pollute the air.

The trial court found that the signs constituted an unlawful interference with the use of plaintiffs' land and therefore were a nuisance; that the erection of the signs resulted in the taking of access to plaintiffs' property without due process; and that the City of Elwood had improperly exercised its police power by granting permits for private individuals or corporations to erect signs on public streets for private profit. Prior to trial plaintiffs' claim for damages was dismissed.

We will first consider the defendants' allegation that the court erred in its conclusion No. 8, to-wit:

"The actions of the City of Elwood, Kansas, in granting permits for private individuals or private corporations to erect signs on public streets for such private persons or corporations own private pecuniary profit are not a proper exercise of the police power of said city."

In Kansas the general rule that streets are public ways for use by the public has long been followed. Streets are to be free of obstructions or unreasonable encroachments to permit safe travel, subject, of course, to reasonable police regulations. 10 McQuillin, Municipal Corporations § 30.54 (3rd ed. 1966). That a City has authority to erect structures on the public right-of-way in some instances is not disputed. (See *City of Hutchinson v. Harrison,* 173 Kan. 18, 244 P.2d 222 [1952], where the validity of a parking meter ordinance and the collection of revenues therefrom was contested.) As to signs in particular, the City generally may not allow private individuals to post advertisements on city streets. 10 McQuillin, Municipal Corporations § 30.93 (3rd ed. 1966). In *City of Emporia v. Humphrey,* 132 Kan. 682, 297 Pac. 712 (1931), the court stated: "Ordinarily a city in this state has no power to give permission to an individual to use the street for a purely private purpose." 132 Kan. at 689-690. However, exceptions have been recognized, *e.g.,* permit to authorize a sign erected on private property to overhang a public alley was upheld in *Restaurants of Wichita, Inc. v. City of Wichita,* 215 Kan. 636, 527 P.2d 969 (1974). See also *Watson v. City of Topeka,* 194 Kan. 585,

400 P.2d 689 (1965), recognizing the right of a private person to deposit materials to improve his property on a public street temporarily is subject to reasonable regulation. In a quo warranto case decided before the home rule provisions of the Kansas Constitution were enacted, the Supreme Court examined the authority of the City of Hutchinson to permit traffic signs with private advertising on the back of them on the public streets. There the court found that private advertising performed no traffic regulation function and bore no relation to the public welfare. Therefore, the court found that the City exceeded its statutory authority to regulate signs on the public way. The court emphasized the signs were maintained by private corporations for private profit. *State, ex rel., v. City of Hutchinson,* 144 Kan. 700, 62 P.2d 865 (1936).

In this action the defendants have attempted to show that the location of the private businesses is of importance to the public on several grounds. First, they contend that the signs and the directions contained thereon ease the site search for the businesses. Second, since Allied Mills operates a facility that was financed by public industrial revenue bonds, directions to its location constitutes a public purpose. Additionally, in conjunction with the development of its plant, Allied had paved a rather lengthy stretch of street near its facility in Elwood. In fact, it is the only hard-surfaced road in the City. Third, the J & L Outlet sign contains not only directions to the private businesses, but also gives directions to the Elwood business district. Defendants also claim the signs in no way interfere with the public as they do not impede traffic.

In *Restaurants of Wichita, Inc. v. City of Wichita,* 215 Kan. 636, the plaintiff leased and occupied property on which it had erected a sign which overhung a public alley by approximately four feet pursuant to a city permit. Plaintiff sued to enjoin the City from revoking its permit. Although this case arose from a factually distinguishable setting, it does provide some guidance in the instant action for reviewing the exercise of police power with respect to sign regulation. In *Restaurants,* the court recognized that under home rule no enabling legislation was necessary for the City to exercise the police power and that the regulation of signs fell within that power. Citing *Grigsby v. Mitchum,* 191 Kan. 293, 380 P.2d 363 (1963), *cert. denied* 375 U.S. 966 (1964), relied upon here by the trial court, the court said:

"The action of a municipality in exercising its police power is always subject to the test of reasonableness. . . .

. . . .

". . . In applying this test a court will not substitute its own judgment of reasonableness for that of the legislative body charged with the primary duty and responsibility of determining the question of reasonableness." *Restaurants,* 215 Kan. at 640.

Under the facts of this case the trial court found the City's police power was improperly exercised because the permits bore no real or substantial relation to the health, morals or general welfare of the public, even though it is undisputed that one of the signs gives directions to the downtown business district of Elwood and the other sign gives directions to a company located on a site developed through City of Elwood industrial revenue bonds.

The argument of counsel for the defendant Allied Mills, Inc., that Allied paid the cost of construction of a hard-surfaced road for the distance from the highway to its plant, that it was the only hard-surfaced roadway in the City, and that it was an improvement and enhanced the value and use of the plaintiffs' property is of considerable interest. However, this is totally immaterial in deciding the issues involved in this case.

The facts in this case are not in dispute. The City of Elwood under its home rule power has the right to exercise its police power to control the erection and maintenance of private signboards on public property. When such acts are challenged as an invasion of the rights and liberties guaranteed by fundamental law it then becomes the duty of the courts to determine if the exercise of this power bears a rational relationship to the public good.

In *State, ex rel., v. City of Hutchinson,* 144 Kan. 700, the court held that the placement of private advertising on traffic signs performed no traffic regulation functions and so bore no relationship to the public welfare in the use of the trafficways. Consequently, the City was without power to authorize their erection. Likewise, in this case the trial court found that the City did not properly exercise its police power by granting permits to the private persons to erect the signs. Our scope of review on appeal is to determine whether or not there was substantial competent evidence to support the trial court's findings. *McGil-*

*bray v. Scholfield Winnebago, Inc.,* 221 Kan. 605, Syl. ¶3, 561 P.2d 832 (1977); *Baker v. Ratzlaff,* 1 Kan. App. 2d 285, Syl. ¶2, 564 P.2d 153 (1977). Without question a preponderance of the evidence shows that the signs permitted by the City of Elwood serve only the purely private purposes of those who constructed them. The fact that the signs give directions to the Elwood business district and might aid the public in locating the businesses does not overcome their primary purpose, which is to benefit private advertisers and not the public who use the roadway in the vicinity of the signs. The defendants have failed to show that there was any rational relationship to the health, safety and general welfare of the City of Elwood in this attempted exercise of the police power. We hold that the trial court properly found that the issuance of the permits was an improper exercise of the police power on the part of the City of Elwood.

In sum, before a city may authorize the use of the public right-of-way for private purposes there must be a clear showing that the primary use of the right-of-way will benefit the public and any private use must be incidental to the public purpose. Such private use need not be prohibited merely because private persons might derive monetary or other benefits therefrom. Therefore, this opinion does not disturb, for example, private advertising on bus stop or park benches or on municipally owned or operated buses when such private uses have been authorized pursuant to an otherwise proper exercise of the police power. Here the defendants have failed to make the necessary showing that there is a primary public purpose to be served by the erection of the signs in question. Since we find the improper exercise of its police power by the City of Elwood is dispositive of this case, we do not reach the other issues raised by the appellants.

Judgment is affirmed.