The Honorable Christine Downey State Senator, Thirty-First District 1205 Boyd Newton, Kansas 67114
Dear Senator Downey:
As state senator for the thirty-first district, you request our opinion regarding the validity of a municipal ordinance banning the posting of political campaign signs within the city limits.
Police powers may be exerted as a restraint upon private rights of persons or to regulate the use of property, and where appropriate or necessary, prohibit the use of property for certain purposes in aid of the public safety and general welfare, and constitutional limitations form no impediment to its exercise where the regulation is reasonable and bears a fair relationship to the object sought to be attained. Hearn v.City of Overland Park, 244 Kan. 638, 645, cert. denied 493 U.S. 976,110 S.Ct. 500, 107 L.Ed.2d 503. (1989). The police power is wide in its scope and gives the governmental body broad powers to enact laws to promote the health, morals, security, and welfare of the people. Id at 646. Broad discretion is vested in the governing body to determine for itself what is delitorious to health or morals, or is inimical to public welfare. Id. Whether an exercise of the police power does bear a real and substantial relation to the public health, safety, morals or general welfare of the public, and whether it is unreasonable or arbitrary are questions which are committed in the first instance to the judgment and discretion of the legislative body, and, unless the decisions of such legislative body on these questions appear to be clearly erroneous, the courts will not invalidate them. City of Douglass v. Tri-Co Fertilizer,Inc., 214 Kan. 154, 160 (1974). However, the governing body does not possess plenary power to pass legislation that is arbitrary, oppressive, or so capricious that it has no reasonable basis. Hearn, 244 Kan. at 646.
A statute or ordinance which has no real, substantial, or rational relation to the public safety, health, morals, or general welfare is a palpable invasion of rights secured by the fundamental law and cannot be sustained as a legitimate exercise of the police power. The exercise of the power must have a substantial basis and cannot be made a mere pretext for legislation that does not fall within it. If particular means are to comport with the requirement of appropriateness, they should not go beyond the necessities of the case and should not be unduly oppressive. A police regulation must be no more drastic than is reasonable to accomplish the end for which the law was adopted. 16A Am.Jur.2d Constitutional Law
sec. 387 (1979). So long as the police power of the state is not arbitrarily or unreasonably exercised, and it is not violative of any constitutional provision, the courts will not interfere. 16A Am.Jur.2dConstitutional Law sec. 389 (1979). It is the duty of the courts to sustain police measures unless they are clearly, plainly, and palpably in violation of the constitution. Id.
It is generally agreed that billboards and other forms of advertising may be regulated by a state or municipality under the police power.Robert L. Rieke Bldg. Co. v. City of Overland Park, 232 Kan. 634, 642
(1983). The regulation of signs and the issuance of permits for them is within the purview of the police power. Restaurants of Wichita, Inc. v.City of Wichita, 215 Kan. 636, 639 (1974). Generally, such regulations have been held to serve three legitimate governmental purposes: promotion of traffic safety; aesthetic considerations; and the preservation of property values. Robert L. Rieke Bldg. Co., 232 Kan. at 642. It is well settled that the state may legitimately exercise its police powers to advance aesthetic values. City Council v. Taxpayers for Vincent,466 U.S. 789, 805, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984).
In City Council v. Taxpayers for Vincent, supra, the United States Supreme Court reviewed a municipal ordinance which prohibited the posting of signs on public property. Suit was filed by supporters of a candidate for city council, alleging that the prohibition which had the effect of preventing them from posting campaign signs on utility poles abridged their freedom of speech within the first amendment of the United States constitution. After acknowledging that the ordinance was not designed to suppress certain ideas that the municipality found distasteful, the court set forth the appropriate framework for reviewing a viewpoint-neutral regulation:
 "[A] government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial government interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First
Amendment freedoms is no greater than is essential to the furtherance of that interest." City Council v. Taxpayers for Vincent, 466 U.S. at 805.
The purpose of the ordinance was to preserve the aesthetics of the city by addressing "the visual assault on the citizens of Los Angeles presented by an accumulation of signs posted on public property." CityCouncil v. Taxpayers for Vincent, 466 U.S. at 807. Despite the fact that the ordinance did not apply to signs placed on private property, the court found the ordinance did not violate the first amendment.
 "[T]he validity of the esthetic interest in the elimination of signs on public property is not compromised by failing to extend the ban to private property. The private citizen's interest in controlling the use of his own property justifies the disparate treatment. Moreover, by not extending the ban to all locations, a significant opportunity to communicate by means of temporary signs is preserved, and private property owners' esthetic concerns will keep the posting of signs on their property within reasonable bounds. Even if some visual blight remains, a partial, content-neutral ban may nevertheless enhance the City's appearance." City Council v. Taxpayers for Vincent, 466 U.S. at 811.
The court determined that "[g]iven our analysis of the legitimate interest served by the ordinance, its view-point neutrality, and the availability of alternative channels of communication, the ordinance is certainly constitutional as applied to appellees under this standard."City Council v. Taxpayers for Vincent, 466 U.S. at 815.
Based upon City Council v. Taxpayers for Vincent, it is clear that a municipality may enact an ordinance which prohibits the posting of signs in designated areas.
Legislation enacted under the police powers is subject to the limitations, first, that it must have a purpose falling within the scope of the police powers; second, that it must be reasonable; and third, that the means must be appropriate. 16A Am.Jur.2d Constitutional Law sec. 382 (1979). Under its police powers, a municipality may not enact a valid ordinance prohibiting the posting of political campaign signs unless such ordinance promotes the health, morals, security, and welfare of the people, bears a real and substantial relation to the public health, safety, morals or general welfare of the public, and is not unduly oppressive or arbitrary.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: